# Klingensmith *against* Ground.

A deed of conveyance which describes a line as running " to a stump near the creek, and thence up the creek, north fourteen and a half perches, to a stone, &c." is to be construed as including all the land to low-water mark of the creek.

ERROR to the common pleas of *Alleghany* county.

This was an action of trespass by Peter Klingensmith against John Ground and others, for landing their ferry boat on plaintiff's land, in which the question was, whether the plaintiff's land extended to low-water mark, and this depended upon the legal construction of the description of the land, as contained in the plaintiff's deed by which he held.   The court, below, thus detailed the facts, and charged the jury upon them:

" The first question arising in this case is exclusively one of fact for the jury to pass upon.   At what point did the defendants land? If the jury believe that the defendants landed below the mouth of Pine Creek, is the property upon which they landed in the legal possession of the plaintiff, under his lease from Joseph Buffington? What says the deed of conveyance which has been produced by the plaintiff, and read?

" In the deed from George Brickle and wife, to E. Buffington, the lines of the property conveyed are designated as follows: ' Begin-

[Klingensmith v. Ground.]

ning at a sugar tree on the bank of the river, and running thence up the same fifty-nine degrees, east fifty-nine perches, to a stump *near* the creek, thence up the creek north fourteen and a half perches to a stone, &c.' This designation of the lines gives rise to the inquiry, what is meant by a 'stump *near* the creek, and thence up the creek.' It is doubtless true, that when natural objects are called for in a deed, as the boundaries of a survey, they must govern as to the extent of a line, although upon a survey it should turn out that those boundaries are run over, or fall short a few perches. Now, if in this case the deed had designated the creek as a boundary, by saying so many perches 'to Pine Creek,' or, had said, 'to a stump *on* or *at* the creek,' this rule of law would apply, and take the plaintiff to the creek. But here, the natural object is not made the boundary, but an artificial object, 'a stump *near*' the natural object. If the grantor had intended to run to the creek, as is contended for by the plaintiff's counsel, why did he not employ the word '*on*,' as he did when speaking of the line '*on the river*.'

"The court think that the word 'near' necessarily implies space between the object called for, and the object beyond."

This opinion was assigned for error, and argued by

*M'Candless* and *Fetterman*, for plaintiff in error.
*Watts*, for defendant in error.

Per Curiam.—There is much good sense in M'Cullock's Lessee *v.* Aten, 2 *Ohio R.* 307. A corner tree is not always to be had where it is wanted, and where that is the case, it is the practice to mark the next convenient one, leaving the exact point of intersection to be determined by an extension of the lines, as marked on the ground. Where a running stream is called for, it is always understood that the ownership extends to low-water mark, and so far has this been held in Pennsylvania, that a traverse line has been held, technically to pursue the meanders, so as to include the points that would otherwise be thrown out by it. Though the words "near the creek," strictly speaking, imply the existence of space betwixt the object immediately expressed, and the object of reference beyond it, they indicate, in popular meaning, no more than the whereabout. Such is the general rule, and what is there to take the case out of it? If the words "thence up the creek north," do not call for the creek as a boundary, why was the creek mentioned at all? The argument on the other side is, that the course being also given, no more is necessary to close the survey. But if the course were sufficient to express the whole intent, we are unable to conjecture why a natural object should have been employed. The course, however, was not sufficient; for it appears from the diagram, that it departs from the line on the ground at least twenty degrees. It is evident that the word north was intended to indicate, not the exact course of the line, but the general course of the stream,

[Klingensmith v. Ground.]

and that the exact place of the corner is to be determined by the point of intersection, produced by an extension of the two lines.

Judgment reversed, and a *venire de novo* awarded.