## DARLINGTON *v.* PAINTER.

A plea of a general right to a water-course, and of a right to enter and cleanse the same, is not sustained by evidence of a particular right.

Hence, where defendant pleaded a grant of a general right to a water-course, and his evidence showed a possession and user for more than twenty-one years, for the purpose of passing off the surplus water from his meadows, his plea is not sustained.

The grantee of a water-course cannot use it for any purpose that would increase the flow, enlarge the ditch, or affect the water in any way different from that use for which the water-course was granted. Per Gibson, C. J.

One using a water-course for more than twenty-one years for a particular purpose, is a grantee, subject to the same rule.

In error from the Common Pleas of Chester.

*April* 4, 5. Trespass *quare clausum fregit.* Pleas: that defendant and those whose estate he had, from beyond the time of memory, had a right to enter and cleanse a certain ditch, which was the trespass complained of. 2. A grant by the owner of the plaintiff's land of the right to a certain ditch, whereby the water flowing through defendant's lands might be carried off, &c., and that he entered and cleansed it, &c., so that the waters might pass off freely. Replication—a general traverse. On the trial it appeared that defendant, for more than twenty-one years, had been in the habit of using this ditch to pass off waters running over, or accumulating on his lands. In 1844, he built a mill, and at the same time, entered upon defendant's land and cleansed the ditch, saying,

he intended to use it for a tail-race. At the time of the action brought, however, the mill had not commenced working.

His honour, NILL, P. J., instructed the jury that if defendant, by adverse possession, had the right to turn the surplus water off his meadow through the ditch, he could not use it for any other purpose, such as a tail-race for a mill, and if he entered and cleansed for that purpose, he was liable—so, also, if he used it for a purpose inconsistent with his presumed grant, or exceeded his rights in cleansing and repairing.

*Lewis* and *J. M. Read*, for plaintiff in error.—The motive or intent of the act done, if lawful in itself, cannot be inquired into. This is shown by Oakes *v.* Wood, 2 Mees. & Welsb. 791, where, in trespass for an assault, on the replication *de injuria*, it was held the motive of the act could not be inquired into, but simply whether there was an excess of violence in lawfully ejecting plaintiff from defendant's premises. This was also decided in Mayor *v.* Randolph, 4 Watts & Serg. 514, and 7 Term Rep. 650; Lambert *v.* Hodgson, 1 Bing. 317; Price *v.* Peek, 1 Bing. N. C. 380; Greene *v.* Jones, 1 Saund. 300 a; Dye *v.* Leatherdale, 3 Wils. 20; Taylor *v.* Cole, 3 Term Rep. 292; S. C., 1 H. Bl. 555; Gundry *v.* Feltham, 1 Term Rep. 336; Groenvelt *v.* Burwell, 1 Ld. Ray. 454; Crogate's Case, 1 Sm. Lead. Ca. 53. The right is traversed entirely, whereas if it was intended to set up an excess, that should have been replied. In that case, the action was misconceived, as we could not be trespassers *ab initio*, according to the familiar principle of the Six Carpenters' Case.

The intention to use it for an unlawful purpose is clearly no ground of action, and it is conceded no unlawful use had been made at the time of suit brought. But it becomes a question of grave importance whether the manner of user alone is a cause of action. This is directly raised. It is the well-settled law of water-rights, that an injurious consequence must follow the change of the manner of user to give a cause of action. A change of the object to which the power is applied is immaterial, where no more is required and used than was granted: Whittier *v.* Cocheco, 9 N. Hamp. 454; Bracegirdle *v.* Peacock, 10 Jurist, 9. So it is with respect to the prior use of water before it is turned into a ditch, in the same quantity and manner as was accustomed.

*P. F. Smith* and *Meredith*, contrà.—A title by prescription gives a right similar to a grant, and if the user be confined, and particular, it is like a grant of such particular right of use: 1 Greenl. Ev. s.

71. But the question on the pleadings is plain: a general right is set up, and a particular one proved—the defendant, therefore, failed in the issue joined: Kirkham v. Sharp, 1 Whart. 323; Jamison v. McCredy, 5 Watts & Serg. 129, are illustrations of this rule. The importance is shown from the consequence that a recovery by defendant on such a plea, concludes the plaintiff on the right set up in the plea. It is also a familiar principle, that the evidence must cover the whole right set up: Stark. Ev. tit. *Water-course ;* Saunders v. Newman, 1 Barn. & Ald. 258; Strickler v. Todd, 10 Serg. & Rawle, 71; Bealey v. Shaw, 6 East, 208; Baldwin v. Calkins, 10 Wend. 167; Drewell v. Towler, 3 Barn. & Ad. 735.

*April* 18. Gibson, C. J.—The owner of a water-course through the land of another, whether to lead the stream to his ground, or discharge it, may enter to remove obstructions from natural or artificial causes; and the defendant had a clear right from adverse user for twenty years, to enter on the land of the plaintiff below him, in order to remove the earth and mud deposited in the trench, and to fit it to discharge the surplus water of irrigation. It may even be true, that he might have rightfully entered, though the user were to be changed from irrigation to water-power, provided the flow continued to be exactly the same; but that is a point which I do not at present concede; for a man might be willing to let another acquire a water-right from him by adverse user in the prosecution of an inoffensive business, who would not have suffered it had the business been offensive or unwholesome. But it cannot be doubted that the nature of the user cannot be changed in any case, unless the flow remain the same, as to quantity and rapidity; and it cannot be doubted, also, that the defendant here is liable in some form of action; for, though he had a right to enter, in order to remove obstructions to the discharge of water left on his own land, by irrigation, he had no right to repair the trench for the reception of the stream issuing from the tail-race of a cotton mill, which would necessarily widen or deepen it, and tear away the soil. It is unnecessary to inquire, therefore, whether the nature of the user, in this instance, was radically changed, for the increase of quantity was necessarily a damage to the plaintiff, which the license did not warrant. The defendant insists that, as his entry was congeable for some purpose, he is not answerable in trespass *quare clausum fregit* for an injury only meditated; or that if the form of the action be right, he is not answerable on the pleadings, because his intent to misap-

ply the use of the water ought to have been specially replied, instead of *de injuria sua propria*. His position that the intention entertained at the time of the entry cannot change the consequence of the act, is not sustained by Oakes *v.* Wood, 2 Mees. & Welsb. 791, in which the motive of an innkeeper for turning out a disorderly woman who was unmercifully beaten by him, was excluded from the consideration by the same replication. On the contrary, it was held in Peppin *v.* Shakespear, 6 Term Rep. 748, that in pleading a right to enter a common to dig for, and carry away, sand and gravel, for the repairs of a house, it is necessary to aver that the house was out of repair; that the party entered *for the purpose* of digging and carrying away for the necessary repairs of that house; and that the materials were used for that purpose. Besides, the question in Oakes *v.* Wood was not one of right, but of pleading; and though the question before us is also such, the pleadings are not exactly the same. The defendant's argument is that, as he had a right to enter for a justifiable purpose, he is not liable as a trespasser from the beginning, for a subsequent abuse of a license created by the party and not by the law, though he might be liable for it in an action on the case; or at least the unjustifiable purpose should have been replied specially. The last would have been true had he pleaded that he entered with intent to remove obstructions, in order to pass the surplus water of irrigation, or in other words, had he pleaded his license exactly as it was; but he pleaded a general right to enter in order to repair the trench for any purpose, and as the parties went to issue on the existence of such a right, the court properly directed that the defendant had failed in his proof.

Judgment affirmed.