## Theodore M. Fisher *v.* Jonathan Paff, Appellant.

*Pleading—Act of May* 25, 1887, *P. L.* 271, *affects forms of pleading not rights of parties—Evidence.*

Where a statement in trespass includes every ingredient of a good cause of action averred with the same precision, accuracy and completeness which was required in a declaration at common law, the defendant under his pleas of the general issue may offer any evidence which would have been admissible under a special plea and the plaintiff may present any testimony, which would have been relevant and competent under a replication and traverse. The procedure act of 1887 does not change the rights of the parties nor the rules of evidence to be observed in establishing these rights; it affects only the forms of pleading.

*Evidence—Act of* 1887*—Admissible proof under general issue.*

Plaintiff alleged damages resulting from erection of a dam by defendant. Defendant filed plea of general issue under which he introduced evidence which established a dam in existence for over fifty years with a right to raise same ten inches. *Held,* that plaintiff under the pleadings could show the existence of only a limited right and the presumptive exhaustion of the right to raise the dam.

Argued Dec. 15, 1898.   Appeal, No. 129, Oct. T., 1898, by defendant, from judgment of C. P. Berks Co., April T., 1897, No. 44, on verdict for plaintiff.   Before RICE, P. J., ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.   Opinion by W. D. PORTER, J.

Trespass.   Before ENDLICH, J.

It appears from the record and evidence that the plaintiff, an upper riparian owner, brought an action of trespass against the defendant and filed a declaration in which he complained that defendant had erected a dam across the stream, thereby taking the water of said stream out of its natural and accustomed channel wherein it had flowed for thirty years last past and upwards, thereby flooding plaintiff's land.   Defendant pleaded not guilty.

At the trial [the court permitted the plaintiff in rebuttal to introduce testimony to show that the dam which defendant had erected, was higher than the defendant's right warranted.] [1]

Defendant submitted the following points, which were declined:

[1. The plaintiff's case as made by his statement is one of the erection by the defendant of a dam across a stream which had, for thirty years and upwards, flowed unobstructedly in its natural channel; and a verdict for the plaintiff would signify that the defendant had no right to erect a dam across the said stream, and would be in conflict with the testimony submitted by the plaintiff and the written evidence submitted by the defendant.   The verdict must therefore be for the defendant.] [2]

[2. Under the pleadings and evidence in this case the verdict will have to be for the defendant.] [3]

Verdict for plaintiff and six cents damages.   Defendant appealed.

*Errors assigned* were (1) in permitting plaintiff in rebuttal to introduce testimony to show that the dam which the defendant had erected was higher than the defendant's right warranted.   (2, 3) In declining defendant's first and second points, reciting points and answers.

*Cyrus G. Derr*, for appellant.—The declaration in this case

appears to put the ground of the action not so much upon the maintenance of the dam as upon the overflowing of the plaintiff's property by the particular dam raised by the defendant in 1896.

A declaration must aver (1) an unlawful act, (2) an injurious consequence. When, as in this case, but nominal damages are claimed, the latter part of the declaration sinks into insignificance and the charge of an unlawful act becomes the important matter. The plaintiff cannot be permitted to prove an act other than that described in the declaration and save himself by the general allegation of resultant damages : Good v. Mylin, 8 Pa. 51 ; Griffiths v. Marson, 6 Price, 1 ; Turnpike Co. v. Piper, 77 Pa. 432.

*Benj. F. Dettra*, for appellee.—The strictness formerly maintained in relation to pleading has in this state become greatly relaxed. A neglect to compel the opposite party to perfect the pleadings will be construed as a tacit agreement to waive matters of form, and try the cause on its merit: Bandel v. Erickson, 3 Pa. Superior Ct. 389 ; Sauerman v. Weckerly, 17 S. & R. 116.

In this case, as in the case of Chestnut Hill and Spring House Turnpike Company v. Piper, 77 Pa. 432, cited by the learned judge below, supra, "the cause was before the jury on all the issues," and it is submitted that mere technical objections by way of a defense should not be allowed to prevail against the legal right of the plaintiff as found by the jury.

OPINION BY W. D. PORTER, J., July 28, 1899 :

The statement filed by plaintiff alleged that the defendant, through whose land a stream of water flowed from the land of plaintiff, " on or about October 1, 1896, with a certain dam or causeway, did obstruct and raise the water of said stream, thereby taking the water of said stream out of its natural and accustomed channel, wherein it flowed, for thirty years last past and upwards, and causing the water of said stream to swell back, overflow and flood the land of plaintiff, to wit, two acres of land mentioned as aforesaid, which said wrongful and unlawful act of defendant has been persistent and continuous," and damages were alleged in $500. The defendant entered the plea of "not

guilty," as required by the Procedure Act of May 25, 1887, P. L. 271, and upon this issue the parties went to trial.

The plaintiff proved the erection of the dam and flooding of plaintiff's land, and rested. The defendant then produced evidence which established that a dam of some sort had been in existence at that place prior to the year 1837, that by deed, dated March 25, 1837, Joshua Van Reed, plaintiff's predecessor in title, granted to the then owner of defendant's land, his heirs and assigns, the right to raise said dam ten inches higher than it then was and to swell the water in the stream accordingly. It was further shown that the dam had continued in existence down to 1891, when it was washed away by a flood, and that it was rebuilt by defendant in 1896. The defendant having rested, plaintiff offered to prove, by a witness on the stand and others, that at no time within thirty years prior to 1896 had the land in question been overflowed by the waters of the old dam, as it was by reason of that constructed in 1896. This for the purpose of showing that the dam constructed in 1896 was higher than that which had preceded it, and to show that the defendant or those under whom he claimed had already exercised the privilege of the grant and that under the grant there was no overflow. The defendant objected to this testimony as not pertinent to the matters charged in the declaration, and, generally, as incompetent and irrelevant. The objection was overruled, the testimony admitted and a bill sealed for defendant, which is the subject of the first specification of error.

That the evidence directly tended to establish the fact that the new dam was higher than the dam which had been maintained, under the grant, during the preceding thirty years, is very clear. There was no evidence as to the height of the dam in 1837, when the right to raise it ten inches was granted, and testimony as to the height at which it was maintained during the entire thirty years prior to 1896 was proper to be submitted to the jury as evidence of the extent of the easement conveyed by and exercised under the grant. In the absence of all evidence as to the original level of the dam, the right to raise it ten inches might, after the lapse of sixty years, be reasonably inferred to have been exercised at the time of the grant, from proof of the extent to which the easement was asserted and used during the last thirty years. This position is conceded by the

learned counsel for defendant to be sound, if the issue were in
form to permit of a recovery of damages for an injury resulting
from an attempted exercise of the easement beyond the terms
authorized by the grant.    The question is, therefore, one of
pleading.    The contention of defendant is that, since the pro-
cedure act has abolished special pleading, the plaintiff should be
strictly held to a statement of his real ground of complaint so
that the defendant's general denial may put in issue the very
fact in dispute.    This would impose upon the plaintiff the duty
of anticipating in his statement any special plea that the defend-
ant might have filed before the act abolished special pleading.
Such a result was never intended to follow the act of assembly,
which only requires that the declaration " shall consist of a con-
cise statement of the plaintiff's demand."    The statement in
this case included every ingredient of a good cause of action
averred with the same precision, accuracy and completeness
which are required in a declaration at common law, which is all
that is required: Newbold v. Pennock, 154 Pa. 591.    The de-
fendant under his plea of the general issue, could offer any evi-
dence which would have been admissible under a special plea,
and the plaintiff could present any testimony which would have
been relevant and competent under a replication and traverse.
The procedure act did not change the rights of the parties nor
the rules of evidence to be observed in establishing these rights;
it affected only the forms of the pleadings.    Even at common
law the defendant might have pleaded the general issue and
under that plea have offered the evidence of his grant; to which
the plaintiff could have replied by evidence showing that the
attempted exercise of the easement exceeded the grant.    Had
he pleaded specially his right to erect a dam under the grant,
and plaintiff had filed a replication traversing the plea, and it
appeared at the trial that all he could lay claim to was the right
to maintain a dam of limited height; evidence to show that the
height of the ancient dam had been increased and the limitations
of the grant exceeded would have been entirely competent even
under the special plea: Darlington v. Painter, 7 Pa. 473; Chest-
nut Hill Turnpike Co. v. Piper, 77 Pa. 432.

The second and third specifications of error relate to the re-
fusal of the learned court below to affirm the points submitted
by defendant, which raised the same question of pleading, and

practically requested the court to withdraw the case from the consideration of the jury, upon the ground that, under the pleadings, there could be no recovery for injury resulting from a wrongful extension of the dam above the height authorized by the grant. The same reasons for holding the evidence, that the attempted exercise of the right of easement exceed the grant admissible must lead to the conclusion that to have affirmed these prayers for instructions would have been error. The suggestion that the verdict for plaintiff signifies that the defendant had no right to erect any dam across the stream is not well founded. In applying the principle of res adjudicata, the inquiry is not always as to the identity of the cause of action, but as to the identity of the matter in issue : Cavanaugh v. Buehler, 120 Pa. 441. As was said by the learned judge of the court below, in his opinion refusing a new trial, " There is in this record no room for doubt as to what the issues passed upon by the jury really were, or what its finding means and settles." All the specifications of error are overruled.

Judgment affirmed.