# Edwards, Appellant, v. Woodruff.

*Pleading—Trespass—Evidence of title—Plea of not guilty.*

In an action of trespass for injuries to land the defendant in possession may offer evidence of title under the general plea of not guilty.

*Land law—Boundaries—Steam—Navigable river.*

Where a clause in a survey or grant calls for a creek or a small unnavigable river, the grant extends to the middle of the stream; but where the call is for a navigable river the grant extends to ordinary low water mark only.

In an action involving title to real estate where the issue turns on whether a stream is or is not navigable, and the plaintiff offers oral testimony that the stream is navigable, and the defendant offers no testimony, the court cannot give binding instructions for the plaintiff; and it may, on a question reserved, if it deems the plaintiff's evidence insufficient to submit to the jury, enter judgment for defendant non obstante veredicto.

Argued May 2, 1904.   Appeal, No. 47, April T., 1904, by plaintiffs, from judgment of C. P. Cambria Co., Sept. T., 1901, No. 206, for defendant non obstante veredicto in case of David T. Edwards, Executor of Thomas Reese, deceased, and Jozena Reese et al. v. L. D. Woodruff et al.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Trespass vi et armis.    Before SAVIDGE, P. J., specially presiding.

From the record it appeared that the plaintiff claimed title under a patent dated September 3, 1897, which was issued under the act of July 15, 1897, authorizing the patenting of lands made by fills in beds of navigable rivers.    In 1899 Thomas Reese, patentee, began improving the land, when the authorities of the city of Johnstown forcibly evicted him and conveyed his building from the land.    Other facts appear by the opinion of the Superior Court.

The court directed a verdict for plaintiff for $25.00, subject to the question of law reserved, whether there was any evidence in the case under which the plaintiff was entitled to recover. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* among others were (1) in admitting evidence of title under the plea of not guilty ; (9) in entering judgment for defendants non obstante veredicto.

*P. J. Little* and *R. E. Cresswell*, with them *Wm. Williams*, for appellants.—Where no reasonable construction of the evidence would entitle defendants to a verdict the court can order a judgment for plaintiff without infringing the rule that all questions of fact are for the jury : McCracken v. Roberts, 19 Pa. 390 ; Holland v. Kindregan, 155 Pa. 156 ; Koons v. Steele, 19 Pa. 203.

Whether a body of water is navigable or not, is a question of fact for the jury : Smith v. Fonda, 64 Miss. 551 (1 S. Repr. 757) ; Jones v. Johnson, 25 S. W. Repr. 650.

The state under appropriate legislation granted to Thomas Reese the land in dispute, and the city cannot be heard to urge that such a grant is invalid.    The commonwealth of Pennsylvania is the owner of the beds of all navigable rivers within her boundary : Wainwright v. McCullough, 63 Pa. 66 ; Solliday v. Johnson, 38 Pa. 380 ; Monongahela Bridge Co. v. Kirk, 46 Pa. 112.

Where a navigable river is filled in between high and low water marks the fill belongs to the state : City of Hoboken v. Penna. Railroad Company, 16 Fed. Repr. 816.

The plaintiff had the complete legal title to the land on which the trespass is proven to have been committed, and such title was sufficient to justify the action upon which a verdict could be directed: Bushey v. Iron Co., 136 Pa. 541.

The plea was "not guilty." The title to the land was not in question under this plea: Stambaugh v. Hollabaugh, 10 S. & R. 357; Bigelow v. Lehr, 4 Watts, 377; Aiken v. Stewart, 63 Pa. 30.

*Charles C. Greer*, for appellee.—That the plea of "not guilty" is sufficient under the act of 1887 has been conclusively settled by this court in Zion Church v. Light, 7 Pa. Superior Ct. 223–228. See also Fisher v. Paff, 11 Pa. Superior Ct. 401; Fisher v. Morris, 5 Wharton, 358; Altemose v. Hufsmith, 45 Pa. 121.

Where a grant or survey is bounded on a river or creek, it extends to that river or creek, and except in the case of large navigable streams, extends to the middle of the creek: Ball v. Slack, 2 Wharton, 508; Klingensmith v. Ground, 5 Watts, 458; Coovert v. O'Conner, 8 Watts, 470; Wood v. Appal, 63 Pa. 210; Barclay R. R. & Coal Co. v. Ingham, 36 Pa. 194.

The Act of March 29, 1787, 2 Sm. Laws, 410, declaring the Conemaugh a public highway having been passed subsequently to the issue of the warrant and survey of Charles Campbell tract, the right of the owners of the same to hold the land to the center of the stream (subject to the easement of navigation) was not divested: Coovert v. O'Conner, 8 Watts, 470; Commonwealth v. Stevens, 178 Pa. 543, 552; Fulmer v. Williams, 122 Pa. 191.

OPINION BY MORRISON, J., July 28, 1904:

This was an action of trespass in which judgment was entered in favor of the defendants non obstante veredicto, and thereupon the plaintiffs appealed. The plaintiffs are seeking to hold a strip of land between Stoneycreek street and Stoneycreek river in Johnstown. They claim under Thos. Reese, whose title is a patent under the Act of July 15, 1897, P. L. 301. This rather questionable act died young as it was repealed by the legislature by Act of March 11, 1903, P. L. 23. We refer to this act for the purpose of saying that when suitors come into court for the purpose of recovering land claimed

under that act they ought to expect courts to require them to make a clear case. When a man undertakes to have the courts adjudicate land acquired under that act to him, which is claimed by another and earlier patentee, he should not complain if he is held strictly within the rules of law and required to present a case which will stand the test of rigid scrutiny. It seems to be conceded that the locus of the alleged trespass is a point between Stoneycreek street, the southerly boundary of the original plat of lots laid out by Joseph Johns and called "Conemaugh Old Town" and the Stoneycreek river. This town plat was quadrangular in shape and had for boundaries on its all four sides public streets. Between Stoneycreek street, its westerly boundary, and the Stoneycreek river was an unoccupied strip of land not included in the town plat. Between its northerly boundary, John street, and the junction of the two streams, Stoneycreek and Little Conemaugh, was another unoccupied contiguous strip of land. This entire portion of land was designated "The Point" in the charter of the town of Conemaugh, and dedicated for the use of said town and its future inhabitants for commons and public amusements.

Along Stoneycreek river lots were not laid out or sold by Joseph Johns and his successors in title, but the town lots were included in the aforementioned quadrangle bounded by four public streets. The locus of the alleged trespass is along the bank between Stoneycreek street and Stoneycreek river. It was created by the Cambria Iron Company by putting in a fill along the bank of the creek by permission of the borough of Johnstown. The iron company made the fill, but it never used it for railroad tracks as it purposed to do when it was made. And the iron company surrendered all claim upon this made land. The Stoneycreek river is a public highway so declared by act of the legislature, after the Charles Campbell warrant and survey.

The first assignment of error is "the admitting of evidence of title under the general plea of not guilty." In view of the provisions of the Act of May 25, 1887, P. L. 271, it hardly seems necessary to discuss this assignment. Section 7 provides, "Special pleading is hereby abolished. . . . The only plea in the action of trespass shall be not guilty." The learned counsel have not taken the trouble to enlighten us how a defendant

sued in trespass, who claims to be in possession and to have title to the locus in quo, is to make his defense since the passage of the act of 1887. But this question is not new, nor is it an open one. In Zion Church v. Light, 7 Pa. Superior Ct. 223, we said (p. 227) : " Section 7 of the procedure act of May 25, 1887, abolishes special pleading and provides that ' the only plea in the action of trespass shall be not guilty.' Anything set forth in the so-called special plea in bar, which was legal evidence, could have been introduced under the general plea." In Fisher v. Paff, 11 Pa. Superior Ct. 401, we said (p. 405) : " The defendant under his plea of the general issue, could offer any evidence which would have been admissible under a special plea, and the plaintiff could present any testimony which would have been relevant and competent under a replication and traverse. The procedure act did not change the rights of the parties, nor the rules of evidence to be observed in establishing these rights; it affected only the forms of the pleadings. Even at common law the defendant might have pleaded the general issue and under that plea have offered the evidence of his grant." In Fisher v. Morris, 5 Wharton, 357, SERGEANT, Justice, said (p. 359) : " It is true it has been frequently decided that the defense set up by this plea may be given in evidence on the general issue of not guilty." In Altemose v. Hufsmith, 45 Pa. 121, Justice THOMPSON said (p. 128) : " I confess myself at a loss to know why a defendant in possession may not also show his title, as evidence under the plea of ' not guilty,' to define his boundary and possession, and thus show that the severed portion of freehold was his own and not another's ; and therefore that he is not guilty of trespass in taking what was his own." In 18 Am. & Eng. Ency. of Law, page 532, it is said : " In trespass quare clausum fregit under not guilty the defendant can give in evidence title in himself or in another whose authority he pleads."

In short we do not think any good authority can be found for holding that a defendant in possession cannot show his title under a plea of not guilty except where the question is regulated by the " Hilary Rules," which restricted the scope of the general issue in trespass, or by some other rules limiting the defense which could be made under the plea of not guilty. " At the common law the plea of not guilty to an action of tres-

pass quare clausum fregit entitles the defendant to give in evidence title in himself or in another by whose command he entered: " 1 Chitty, Plead. (16th am. ed.) 538.    But enough has been said to demonstrate that the first assignment of error is entirely without merit.    An examination of the second assignment demonstrates that it is equally without merit and it cannot be sustained.    The third assignment of error goes to the merits of the case and raises the important question for consideration, viz : " Whether there is any evidence in the case under which the plaintiff is entitled to recover."    Thomas Reese acquired no title under the patent unless there was vacant land between Stoneycreek street and Stoneycreek river.    The James McLenahan patent of April 26, 1787, surveyed in pursuance of the Charles Campbell warrant of April 13, 1769, on May 12, 1770, and returned April 24, 1788, reads : " To a hickory tree on the bank of the Big Conemaugh aforesaid, thence up the same by the several courses thereof 460 perches to the place of beginning."    The borough of Johnstown claims title under this patent, warrant and survey, and the defendants justify under this title.    The call is for the creek and the line would be to the center thereof except in the case of large navigable streams.    In Ball v. Slack, 2 Wharton, 508, HUSTON, J., said (p. 537) : " If there is any point settled in Pennsylvania relating to land titles, it is that where a grant or survey is bounded on a river or creek, it extends to that river or creek, and except in the case of large navigable streams, extends to the middle of the creek ; and whatever may have been or may be imagined in this vicinity, I think that where a man's grant or his survey calls for a creek or river, no lawyer of any reputation would contend that another could come between him and the creek or river and cut him off from it; and where the courses and distances on the creek or river are given, and on examination it is found, they do not closely follow the stream, it does not alter the case."    See also Klingensmith v. Ground, 5 Watts, 458.    In Gibbs v. Sweet, 20 Pa. Superior Ct. 275, we said (p. 282) : " It must be accepted as settled in Pennsylvania that where the bed of a stream and the land adjoining are both owned by the same person and he makes a grant calling for the stream as a boundary, it shall in the case of large navigable streams extend to low water mark, and in case of

creeks and small unnavigable rivers, to. the middle of the
stream." Citing Ball v. Slack, Klingensmith v. Ground, supra.
In Freeland v. Penna. R. R. Co., 197 Pa. 529, the syllabus of
the case states.: "In Pennsylvania wherever a stream is navi-
gable and is made the boundary of a grant by the state, the
title passes to low water mark with the· qualification that be-
tween high and low water mark the grantee may use the land
for his own private purposes, provided that in such use of it,
he does not interfere with the public rights of navigation, fishery
and improvement of the stream." In Coovert v. O'Conner, 8
Watts, 470, it is decided, as well stated in the syllabus, "a
grant from the commonwealth of vacant land, bounded by a
stream which has not been declared navigable by law, and fol-
lowing its courses and distances, passes the right to the soil to
the middle of the stream ; and although the stream may subse-
quently to the grant be declared a public highway, that does
not divest the property previously acquired by a grant from
the commonwealth." In Barclay R. R. & Coal Co. v. Ingham,
36 Pa. 194, the distinction between the great rivers of the state,
which are navigable by nature, and therefore public highways
at common law, and creeks and smaller streams, is clearly pointed
out.

If the title to the land between Stoneycreek street and
Stoneycreek river passed from the commonwealth and vested
under the warrant and survey of the Charles Campbell tract
and the James McLenahan patent, then the act of March 29,
1787, declaring the Conemaugh a public highway, being subse-
quent to the Campbell warrant and survey, would not divest
the right of the owners under said survey warrant and patent
to hold the land to the center of the stream, subject of course
to the right of navigation after the stream was declared a
public highway : Coovert v. O'Conner, supra ; Commonwealth
v. Stevens, 178 Pa. 543 ; Fulmer v. Williams, 122 Pa. 191.
The latter case holds that a grant of land bounded upon a
stream, not navigable, extends to the middle thereof; but a
grant of land bounded upon a navigable river extends to ordi-
nary low water mark only. ·

The great dispute in the present case is by the plaintiff con-
tending that the grant under the Charles Campbell warrant
and survey and the James McLenahan patent only extended

to the bank of the Stoneycreek river for the reason, as they contend, that it was one of the great navigable rivers. While on the other hand the defendants contend that it was not a navigable river by nature, but a small creek and that the said warrant, survey and patent conveyed the land to the middle of said creek and therefore there was no vacant land between Stoneycreek street and the river upon which the Thomas Reese patent could operate. One of the main contentions of the plaintiff's counsel is that the court erred in holding that the Stoneycreek was not a navigable stream and therefore that the grant in question extended to its center. The learned counsel's argument is that they called witnesses to prove that the Stoneycreek river as it passes through the city of Johnstown is navigable by nature, and that the defendants offered no testimony to contradict this and therefore the court ought to have decided as a matter of fact and law that the stream was navigable. In short the learned counsel takes the position, as we understand, that if the question had been submitted to the jury it was the duty of the court to declare upon their oral testimony that the Stoneycreek river was a navigable stream. In support of his contention that a court may give a binding instruction upon oral testimony in favor of the plaintiff or the defendant as the case may be, he cites the following cases: Koons v. Steele, 19 Pa. 203; McCracken v. Roberts, 19 Pa. 390; Holland v. Kindregan, 155 Pa. 156.

When these cases are considered in connection with Grambs v. Lynch, 4 Penny. 243; Lautner v. Kann, 184 Pa. 334; Lehigh Coal, etc., Co. v. Evans et al., 176 Pa. 28; West Branch Bank v. Donaldson, 6 Pa. 179; Reel v. Elder, 62 Pa. 308, and many other cases which might be cited, the learned counsel's contention cannot be sustained. In Lehigh Coal, etc., Co. v. Evans, it is said: "There is a broad and plain distinction between a direction to find for the defendant where the plaintiff's evidence, if believed, is insufficient to sustain his claim, and a direction to find for the plaintiff when his case depends entirely upon oral testimony." In West Branch Bank v. Donaldson, the Supreme Court said (p. 186): "But the jury were to judge of the credibility of the witnesses, and might possibly have disbelieved every word of their testimony; in which event it would have been their duty to find against

the parties who were to maintain the affirmative of the issue." The law of Pennsylvania is undoubtedly settled that where the party assuming the burden depends upon oral testimony the court cannot give a binding instruction in favor of such party thus passing upon not only the legal effect of the evidence, but the credibility of the witnesses. The court has no power to determine the credibility of the witnesses when the case is before the court and a jury. When a court gives a binding instruction in favor of the defendant it is in effect declaring that upon no legal theory of the evidence, if it is all true, can the plaintiff recover.

Now, what we understand the court below did in the present case, in entering judgment non obstante in favor of the defendant, was in effect to determine that all of the evidence offered by the plaintiff, assuming it to be true, was insufficient to establish the fact, or to have permitted the jury to find as a fact, that the Stoneycreek river was by nature a navigable stream. This the court had an undoubted right to do. When all of the evidence was in it then became a legal question for the court to determine as to whether there was sufficient evidence to submit to the jury that this creek or river was one of the great navigable rivers of the state, made such by nature. It must be conceded that as a general rule the creeks and streams of the state are not navigable by nature. The cases all seem to limit such navigable streams to the great rivers of the state. With this understanding of the law we can well imagine that the patience of the court below must have been tried in listening to the attempt to prove that this insignificant Stoneycreek river was one of the great natural navigable streams of the state. It appears in the evidence of the witnesses offered by the plaintiff on this point that the people were in the habit of crossing this mighty river on stepping stones. A careful review of the testimony, and the ancient history referred to by the plaintiff's counsel, does not convince us that the court erred in holding, as a matter of law, that the presumption that this stream was not navigable by nature had not been overcome by the testimony. If the court was correct in thus holding then it disposes of the plaintiff's case because it depended upon vacant land lying between Stoneycreek street and Stoneycreek river. If this was not a navigable river by

nature, then the Charles Campbell warrant, survey and patent thereon conveyed the land to the center of this river or creek, and therefore the Thomas Reese patent was a nullity.

We do not find anything in the other assignments of error requiring special discussion. They are all founded upon the opinion and judgment of the court. And in our opinion the court was fully warranted in entering the judgment non obstante veredicto upon the evidence and the law applicable thereto. After a patient examination of the testimony and the cases relied upon by the plaintiff and the opinion of the court below, we think that opinion fully justifies the judgment.

The assignments of error are all dismissed and the judgment is affirmed.

ORLADY, J., dissents.