## Johnson *v.* Philadelphia, Appellant.

*Landlord and tenant—Lease—Warrant of attorney to enter judgment in ejectment—Exhaustion of warrant—Wrongful eviction—Statute of limitations.*

Where a landlord has entered judgment in ejectment under a warrant of attorney contained in the lease, and has afterwards satisfied the said judgment, he cannot thereafter enter a second judgment, issue a writ of habere facias possessionem, and evict the tenant. If he does so with resultant injuries to the person and property of the tenant, the latter may maintain an action of trespass against him for unlawful eviction.

In such a case the landlord is entitled to show, as a defense to the claim for damages for personal injuries that the plaintiff had not brought his action within two years from the date of the injuries, and was therefore barred by the Act of June 24, 1895, P. L. 236.

*Landlord and tenant—Unlawful eviction—Notice to quit—Evidence—Damages—Value of household goods.*

In an action by a tenant against his landlord to recover damages for unlawful eviction, where the plaintiff claims that at the time of the eviction he was entitled to the possession of the premises, the landlord may prove that he had served upon the tenant a notice to quit within the time required by the lease.

In such an action the plaintiff may be permitted to testify to the

quantity of household goods on his premises, and their reasonable value.

Argued Dec. 1, 1915.   Appeal, No. 134, Oct. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1905, No. 4334, on verdict for plaintiff in case of Frank Johnson v. City of Philadelphia.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Reversed.

Trespass for unlawful eviction.   Before SULZBERGER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,275.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Edgar W. Lank,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellant.—The plaintiff was allowed by the court to give the value of the personal property claimed to have been damaged without first inquiring whether or not he had any knowledge or experience as to the value of the property in question.   This was error:  Stevens v. Adams Express Co., 55 Pa. Superior Ct. 366; Markowitz v. Pittsburgh, Etc., R. R. Co., 216 Pa. 535.

That a landlord may enter and dispossess a tenant at will or a trespasser is established by the following cases: Overdeer v. Lewis, 1 W. & S. 90; Sweeney v. McDonnell, 25 Pa. Superior Ct. 69; Leidy v. Proctor, 97 Pa. 486; Frick v. Fiscus, 164 Pa. 623; Com. v. Kensey, 5 Pa. Law Jorn. 122; Stone v. Lahey, 133 Mass. 426; Low v. Elwell, 121 Mass. 309.

The plaintiff not being entitled to possession of the premises, and his action being for trespass vi et armis,

should have been brought within two years: Sommer v. Wilt, 4 S. & R. 19; Baird v. Householder, 32 Pa. 168; Kramer v. Lott, 50 Pa. 495.

An entry under valid process, although the proceedings are afterwards reversed and restitution awarded, will not impose liability for trespass: Leese v. Horne, 47 Pitts Law. Jorn. N. S. 316; Melson v. Dickson, 63 Ga. 682.

*Stanley W. Root,* with him *Clarence H. Reed,* for appellee, cited: Betz v. Hummel, 13 Atl. 938.

OPINION BY HEAD, J., October 9, 1916:

The plaintiff, alleging he was unlawfully evicted from his dwelling house, brought this action to recover damages for injuries to his person and his property that resulted from the acts of the defendant's officers during the course of said eviction. The property in question belonged to the city and had been demised to the plaintiff by a lease in writing. The original term stated in the lease was one month from the first of April, 1901. The rent reserved was to be payable monthly in advance. The lease contained the following provision relating to the extension of the term named: "And it is hereby mutually agreed that either party hereto may determine this lease at the end of said term by giving the other notice thereof at least ten days prior thereto, but in default of such notice this lease shall continue upon the said terms and conditions as are herein contained for a further period of one month and so on from month to month unless or until terminated by either party hereto giving to the other ten days' notice for removal previous to the expiration of the said term or any extension or renewal thereof as above, etc."

Without encumbering this record with a detailed statement of the dispute that had arisen between the parties prior to the alleged unlawful eviction, it is sufficient for the purposes of this case to say that on the

14th day of July, 1902, the sheriff of the county, armed with what was on its face a writ of habere facias possessionem, aided by certain policemen, came to the premises in dispute, broke open the door of the dwelling house which had been locked, and forcibly ejected the plaintiff and his family therefrom, removed his household goods to the side of the highway, arrested the plaintiff and kept him in confinement for several hours. The writ referred to issued on a judgment which the city had caused to be entered by virtue of a warrant of attorney so authorizing contained in the lease itself.

We understand it to be practically conceded that this judgment was entirely void and without effect because the warrant had been exhausted by the entry of a previous judgment in the amicable action contemplated by the lease which judgment was afterwards satisfied by the city. It was therefore held by this court in Philadelphia v. Johnson, 23 Pa. Superior Ct. 591, that no subsequent judgment could be entered under the said warrant of attorney because the power therein contained had been fully exercised and exhausted when one judgment had been entered thereunder. This case was affirmed by the Supreme Court 208 Pa. 645. The city therefore, having caused to be entered upon the records a judgment for which there was no warrant and having undertaken to have such judgment executed by placing in the hands of the sheriff a void writ, became a trespasser ab initio and liable to the plaintiff for any injuries resulting from the conduct of its officers in attempting to execute such a writ.

On the trial of the case, which resulted in a verdict for the plaintiff upon which judgment was afterwards entered, the defendant offered to prove that in the month of June, 1902, more than ten days before the expiration of that month, it had caused to be served on the plaintiff a notice to quit before the first day of July thereafter. Upon objection being made that the service of such notice was irrelevant, the learned trial judge

excluded it and this action is the subject of the second and third assignments of error. We are unable to perceive the ground upon which such an offer could be properly considered irrelevant. It ought to be competent for the city to show that the plaintiff's tenancy had come to an end and thus that the rights of a landlord in such a case were vested in the city. It is true the plaintiff himself declares, in his testimony, he paid the rent for the month of July. As we read the record, no witness undertook to deny this statement. The plaintiff did not say to whom he paid the rent or when or where he paid it, nor did he exhibit any receipt evidencing such payment. But his positive statement that he actually paid the July rent, uncontradicted as it was, would necessarily carry the case on that question to the jury, and if it were found on a proper submission the rent had been paid, then the notice to quit would have but little value and the city would be estopped to declare the lease had been terminated before July the first. We are of opinion therefore the city was entitled to have the benefit of the evidence which was rejected and the second and third assignments of error are sustained.

We are earnestly urged by the learned counsel for the city to reverse the judgment for an additional reason, to wit, that plaintiff's cause of action, in so far as it rested on personal injuries to himself, was barred by the Act of June 24, 1895, P. L. 236. That statute provides: "Every suit thereafter brought to recover damages for injury wrongfully done to the person in cases where the injury does not result in death must be brought within two years from the time when the injury was done and not afterwards, etc." The verdict for the plaintiff in the present case, as it was tried, was a general verdict and there is nothing in the record to enable us to determine what portion of the damages awarded resulted from the assault made on the plaintiff and how much represented the other injuries declared for. It is true there appears to have been no discussion of this ques-

tion in the court below and there is nothing in the record to show that the question was there raised or that the learned trial judge had any opportunity to pass upon it. Under such circumstances we would hesitate to reverse the trial judge on this point alone, but as the case must go back for another trial, it seems necessary to say that in our opinion the statute must prevent a recovery for those injuries that followed the unwarranted assault upon the plaintiff, as it is conceded this action was not begun until more than two years after the happening of the injuries complained of. We suppose it could not seriously be contended that where an unlawful assault is made on the person of a citizen, this would not constitute an injury "wrongfully done to the person" within the meaning of the statute. Since the Practice Act of 1887 "the only plea in actions of trespass shall be not guilty." As was said by Mr. Justice ELKIN, in Martin v. Pittsburgh Railways Co., 227 Pa. 18: "Certainly under this general statutory plea the defendant either by the record or by evidence introduced at the trial may show that the action was not brought within the time definitely fixed by the act (1895), which has expressly provided that suit should not be brought after the time limited, &c."

We think it would be impossible to convict the trial court of error because the plaintiff was permitted to testify to the quantity of household goods on his premises and their reasonable value. Much might be said to show that such testimony ought not to be considered in the class of expert evidence, but without going so far, the admission of his evidence may well rest on the common experience of men in everyday life that even those not possessed of wide or general knowledge on such subjects may with propriety testify as to the value of their own household goods and personal belongings such as are in everyday use in every family.

We find nothing in the remaining assignments to necessitate any particular discussion. For the rea-

sons given the judgment must be reversed and the case retried in accordance with the direction contained in this opinion.

Judgment reversed and a venire facias de novo awarded.