## Shaw *v.* Robinson, Appellant.

*Deed—Description—River as boundary—Low-water mark.*

Under a call in a patent issued by the Commonwealth describing the land as extending "to a birch; thence up the River Ohio, traversing its several courses" the line extended to and along the stream at low-water mark.

Argued Oct. 21, 1918. Appeal, No. 160, Oct. T., 1918, by defendant, from order of C. P. Allegheny Co., April T., 1916, No. 643, refusing a motion for a new trial in the case of David Shaw v. William A. Robinson. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Action of ejectment for five acres of land in Stowe Township, Allegheny Co., bordering on that portion of the Ohio river known as "Back Channel," which flows between the mainland and Neville Island. Before. REID, J.

The facts appear in the opinion of the trial court overruling a motion for a new trial by REID, J.:

This is a motion ex parte defendant for a new trial.

The action is ejectment for five acres, more or less, of land in Stowe Township, this county, in possession of defendant under an alleged settlement right, and claimed by plaintiff as part of the land for which he (through Wm. Bonner, his predecessor in title) holds a patent from the Commonwealth.

The land in controversy lies on the shore of that portion of the Ohio river, known as the "Back Channel," which flows between the mainland and Neville Island. Defendant simply settled upon this site some years ago without any title or authority, established a ferry, built a cabin in which he lives, improved the low lying alluvial ground, planted a garden and some fruit trees, and, upon the theory that this site was open to occupancy by the

first comer, has since held possession. This title by occupancy, however, had not ripened into a legal right, by lapse of time,—and at the trial his defense to the action was lack of title in the plaintiff.

The only question, therefore, was, had plaintiff title to the ground thus occupied?

The interpretation of the patent referred to was necessarily for the court,—and there being no question of fact to be determined by a jury, after the trial judge had held, by virtue of the language of the patent, that plaintiff's title went to the Ohio river, the jury was instructed to render a verdict for the plaintiff.

The only question to be determined, therefore, in this motion is whether or not the court erred in giving such instructions.

The original warrant, dated December 10, 1817, the warrant-book containing plot of the original survey and the official record of surveys and patents, all showed that the tract was bounded by the Ohio river.

The patent from the Commonwealth to Wm. Bonner, dated December 5, 1818, describes plaintiff's land as follows: "Beginning at a hickory; thence by land of John McFadden, north 15°, east 224 perches to a birch; thence up the River Ohio, traversing its several courses, 386 perches to a lynn" (and thence by lands of Haskins, McCoy, Ewing et al., to place of beginning).

Defendant's contention is that the line did not pass beyond the "birch,"—the call "thence up the River Ohio traversing its several courses," not being effective except to define a line following the meanderings of that stream some distance in shore from the river, and thus leaving an ungranted strip lying between it and the river.

This position is untenable in the light of the case of Klingensmith v. Ground, 5 Watts 458, and Wood v. Appal, 63 Pa. 210, which hold that such a call carries the line to and along the stream. To elaborate upon the subject, where the authorities referred to are so clear and convincing, would be of no avail.

We have examined the exhaustive brief of the defendant's counsel, but we cannot assent to the view there urged that this action is not within and governed by the principles laid down in the cases cited above.

We, therefore, refused the defendant's motion for a new trial.

Defendant appealed.

*Errors assigned* were in refusing defendant's motion for a new trial, and in certain instructions.

*Frank I. Gosser,* for appellant.—In Pennsylvania, wherever a stream is navigable, and it is made the boundary of a grant by the State, the title passes to low-water mark, and no farther. It is absolute to high and qualified as to what intervenes: Freeland v. Penna. R. R. Co., 197 Pa. 529; Fulmer v. Williams, 122 Pa. 191; Carson v. Blazer, 2 Binney 474; Shrunk v. Schuylkill Nav. Co., 14 S. & R. 71; Ball v. Slack, 2 Wharton 508; Zimmerman v. Union Canal Co., 1 W. & S. 346; Johns v. Davidson, 16 Pa. 512; Bailey v. Miltenberger, 31 Pa. 37; McKeen v. Delaware Div. Canal Co., 49 Pa. 424; Tinicum Fishing Co. v. Carter, 61 Pa. 21.

Title to additions made by gradual and imperceptible process of accretion is in the riparian proprietor; but when additions or increases are made by artificial filling-in of the channel below natural low-water mark, title remains in the Commonwealth as a part of the river bed: Allegheny City v. Moorehead, 80 Pa. 118; Philadelphia. Co. v. Scott, 81 Pa. 80; Poor v. McClure, 77 Pa. 214; Philadelphia Co. v. Stimson, 223 U. S. 605; Jeffries v. East Omaha Land Co., 134 U. S. 178; St. Louis v. Rutz, 138 U. S. 226; Nebraska v. Iowa. 143 U. S. 359; Shively v. Bowlby, 152 U. S. 1; Mulry v. Norton, 100 N. Y. 424; Sage v. The Mayor, 154 N. Y. 83.

The doctrine of accretion rests upon an increase by imperceptible degrees, through natural causes, such as the ordinary action of water: Philadelphia Co. v. Stimson,

314 SHAW v. ROBINSON, Appellant.

223 U. S. 605; Sage v. The Mayor, 154 N. Y. 61; Mulry v. Norton, 100 N. Y. 424.

The beds, gravel and sand-bars of the navigable rivers of this State are not subject to private appropriation under the ordinary system of land laws: Poor v. McClure, 77 Pa. 214; City of Allegheny v. Nelson, 25 Pa. 332; Brandt v. McKeever, 18 Pa. 70.

The legal presumption from the locus in quo is that the land is still a part of the bed of the river, until some legal proceeding shall have established the contrary, and a law shall open it to private appropriation: Poor v. McClure, 77 Pa. 214; Bagley v. Wallace, 16 S. & R. 244; Freytag v. Powell, 1 Wharton 536.

A patent is not operative against the right of a third person existing before the issuing of the patent: Smith v. Vasbinder, 77 Pa. 127; Balliot v. Bauman, 5 W. & S. 150.

*Frank Thomson* and *George C. Bradshaw,* of *Thomson & Bradshaw,* for appellee, cited: Wood v. Appal, 63 Pa. 210; Klingensmith v. Ground, 5 Watts 458.

PER CURIAM, January 4, 1919:

In directing a verdict for the plaintiff the learned trial judge correctly held that his title extended to low-water mark: Klingensmith v. Ground, 5 Watts 458; Wood v. Appal, 63 Pa. 210; and the judgment is affirmed on the opinion of the court below refusing the motion for a new trial.