## Steese v. Mifflinburg Borough.

*Practice, C. P.—Rules of court—Statutes—Judgment n. o. v.*

1. Where a rule of court conflicts with a statute, the statute must prevail.

2. A rule of court providing that a motion for judgment *n. o. v.* must be filed within four days after verdict must yield to the Act of April 22, 1905, P. L. 286, which provides, *inter alia,* that the motion may be made within such other or further time as the court may allow.

*Statute of limitations — Pleading — Trespass — Boroughs — Diversion of waters—Prescriptive right.*

3. In an action of trespass against a borough for diversion of waters from a stream, the statute of limitations need not be pleaded.

4. In such a case, defendant may show, without having pleaded, that the water had been diverted and continuously used for twenty-five years prior to the bringing of the action.

Trespass. Motion for judgment *non obstante veredicto.* C. P. Union Co., Sept. T., 1923, No. 17.

*A. W. Johnson,* for plaintiff.

*H. M. Showalter* and *William H. Hackenburg,* for defendant.

POTTER, P. J., Dec. 19, 1924.—Plaintiff has been for about fifteen years, and is now, the owner of a grist-mill located in Buffalo Township, in Union County, along Buffalo Creek, from which stream he derives his water power for the operation of his said mill.

On or about April 1, 1898, the defendant tapped a tributary of the said Buffalo Creek, called the North Branch, and diverted a part of the waters thereof and conveyed the same into the Borough of Mifflinburg for domestic and municipal purposes, taking thereof as much as would flow through a ten-inch pipe.

The plaintiff contends that by this diversion of the water of Buffalo Creek by the defendant, his water power, necessary for the operation of his mill, has been very materially diminished, even so much so that during certain seasons of the year he cannot fully operate his mill, for the recovery of damages for which he has brought this suit.

The case was tried before a jury, and on May 22, 1924, a verdict of $4000 was rendered for the plaintiff, whereupon, on May 24, 1924, reasons for a

new trial were filed, being ten in number. We have given them all due attention and consideration, and, in our judgment, nine of them are without merit and are dismissed. The fifth reason, however, we think, is full of merit and will receive due consideration in our further disposition of this case.

On Sept. 15, 1924, a motion for judgment *non obstante veredicto* was filed and allowed by the court. It was contended by counsel for the plaintiff that, inasmuch as this motion was not filed within the four days after verdict, as is provided by our rules of court (Rule 1, page 49), it could not be filed nor entertained by the court.

The Act of April 22, 1905, P. L. 286, controls this question, it being as follows:

"That whenever, upon the trial of any issue, a point requesting binding instructions has been reserved or declined, the party presenting the point may, within the time prescribed for moving for a new trial, *or within such other or further time as the court shall allow,* move the court to have all the evidence taken upon the trial duly certified and filed so as to become a part of the record, and for judgment *non obstante veredicto* upon the whole record; whereupon it shall be the duty of the court, if it does not grant a new trial, to so certify the evidence and to enter such judgment as should have been entered upon that evidence, &c." . . .

Our rule of court, above referred to, and this act of assembly are in apparent conflict, the rule providing that the motion for judgment must be made within the four days after verdict. The act provides that it may be made within that time, *or within such other or further time as the court shall allow.*

On Sept. 15, 1924, in accordance with the provisions of this act, we allowed the motion for judgment *non obstante veredicto* to be filed, and we think rightly so. We will, therefore, give it the same attention and consideration as though it had been filed within the four days after verdict rendered, and, in so doing, we are keeping in mind the fact that where a rule of court is in contravention to an act of assembly, the act must prevail.

At the trial of this case, points seven and eight, with others, were presented by the defendant and were by us refused, point seven being as follows:

"(7) Undisputed evidence shows and averred in the pleadings in this case that the Borough of Mifflinburg erected and constructed its water plant and water supply and took and appropriated the waters of North Branch on or about April 1, 1898. If the jury believe that for the period of twenty-one years from that time the borough openly, notoriously exercised the undisputed right to take and appropriate said waters for the supply of the borough and its inhabitants with water, then the law presumes that it exercised that right either with the consent of the owners of the mill property or by a grant of the right from such owners or those who preceded them in such ownership, and in such case the verdict should be for the defendant." Refused.

Point eight is as follows:

"The pleadings and the undisputed evidence in this case showing that the Borough of Mifflinburg committed the obstruction of the waters of North Branch on or about April 1, 1898, and then and there took and appropriated said waters, and has from that time for a period of more than twenty-one years prior to the bringing of this suit continued to so obstruct said creek and take and appropriate its waters for its use and the use of its inhabitants, it acquired the right to do so by prescription, and the plaintiff's claim in this suit is barred by the statute of limitations or the laws of this Commonwealth which apply that statute as analogous, and the verdict must be for the defendant." Refused.

Steese v. Mifflinburg Borough.

We refused these points because we thought that, inasmuch as the statute of limitations had not been pleaded, it could not be set up as a bar to the plaintiff's recovery.

At the trial, several cases in *assumpsit* were cited by counsel for the plaintiff clearly deciding that, before the defendant can avail himself of this defence, he must plead the statute. After carefully reviewing the cases, both *pro* and *con*, we fully agree that in actions of *assumpsit* the statute, in order to be used as a defence, must be pleaded, but not so in actions of trespass.

In actions of trespass the defendant need file no affidavit of defence, and by statute special pleading is abolished. Under the Act of 1887, in actions of trespass, under a plea of not guilty, the defendant could avail himself of any defence at his command without specially pleading it: Johnson v. Philadelphia, 64 Pa. Superior Ct. 278, 283; Martin v. Pittsburgh Rys. Co., 227 Pa. 18.

And in an action to recover damages for death caused by the negligent act of another, the statute of limitations need not be specially pleaded: Martin v. Pittsburgh Rys. Co., 227 Pa. 18; Field v. Philadelphia Rapid Transit Co., 273 Pa. 282.

And, further, the defendant, under plea of the general issue, could offer any evidence which would be admissible under a special plea: Fisher v. Paff, 11 Pa. Superior Ct. 401.

Under the plea of not guilty, the defendant can prove a release of damages for personal injuries: Johnson v. Railroad Co., 163 Pa. 127. And a discharge in bankruptcy can be proven under the plea of not guilty: Pitcairn v. Scully, 252 Pa. 82.

The Act of May 3, 1917, P. L. 149, provides that an affidavit of defence need not be filed by municipalities in either actions of *assumpsit* or trespass.

In the face of these decisions by the appellate courts above cited, and considering the fact that no affidavit of defence need be filed, and that special pleading has been abolished, we firmly believe we were in error in refusing to affirm the defendant's seventh and eighth points upon the trial of the case. We think this defendant borough has acquired a prescriptive right to take as much water from the stream in question as will pass through a ten-inch pipe, that being the size of the pipe installed when the diversion took place on or about April 1, 1898.

This suit was brought on June 4, 1923, a few months over twenty-five years after the diversion took place. This plaintiff has been the owner of this mill for the past fifteen years, so he could have brought his suit within the statutory period. Not having done so, the fault is his own.

What is acquired by prescription is the right to some benefit or privilege or property which has been enjoyed so long as to raise a presumption that its enjoyment began in consequence of a grant now lost: Hughesville Water Co. v. Person, 182 Pa. 450.

Therefore, we are led to the conclusion that the diversion having occurred more than twenty-five years before suit brought, the presumption now arises that its enjoyment began in consequence of a grant now lost.

In conjunction with the motion for judgment *non obstante veredicto*, we are bearing in mind the fifth reason for a new trial, this reason being so blended with what was argued on the motion that we can well consider them together, and the disposition of the motion will dispose of this reason for a new trial.

This was a lengthy case, consuming much time, with great expense to the litigants as well as to the County of Union. As we have already herein intimated, we now think we should have given binding instructions for the

defendant. Not having done so, we can now very happily correct the error by the entry of judgment *non obstante veredicto,* and it affords us much pleasure that we can thus set matters right without resorting to another long expensive trial.

And now, to wit, Dec. 19, 1924, in view of the expression herein contained, the new trial is refused and the reasons given therefor are dismissed. The motion for judgment *non obstante veredicto,* however, is sustained, the verdict of the jury is set aside, and judgment is directed to be entered in favor of the defendant *non obstante veredicto.*

From Charles P. Ulrich, Selinsgrove, Pa.