Joseph Lautner and John G. Walther, Executors of the Estate of A. Holstein, deceased, *v.* W. L. Kann, Appellant.

*Evidence—Credibility of witness—Province of jury—Contract.*

The credibility of a witness is for the jury, who are not bound to accept the statement of the witness because he is unimpeached and uncontradicted by other witnesses. He may impeach and contradict himself on the witness stand, or the jury may believe that he is honestly mistaken. His manner, his motive, his bias, the inherent improbability of his story or the want of accurate recollection may discredit his testimony and justify a jury in disregarding it altogether.

In an action on a book account for goods sold and delivered, the defendant set up a claim for damages for breach of an oral contract by the plaintiff to furnish him other goods. The only witness called to establish the contract failed to define its terms with clearness or accuracy. *Held,* that as the credibility of the witness was for the jury, it was not error to leave it to the jury to determine whether a contract had been entered into and, if so, what were its terms.

*Erroneous charge—Harmless error.*

An incorrect instruction as to the measure of damages for breach of contract was harmless error where the jury found that there was no contract.

Argued Nov. 9, 1897. Appeal, No. 60, Oct. T., 1897, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1895, No. 378, on verdict for plaintiffs. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Assumpsit on a book account. Before Stowe, P. J.

The facts appear by the charge of the court, which was as follows:

In this case the plaintiffs make out their case by the admitted evidence. There is no question that Mr. Holstein did furnish the amount of leather that is claimed for, and in a general way there is no question as to the prices. There is a question as to some matters about which you heard the testimony, that is, as to the amount delivered and the weights, which you will consider when the proper time comes. But in a general way the

plaintiffs make out their case, and it devolves upon the defendant to meet it.

These plaintiffs have no personal knowledge of the transactions. They are the executors of the dead man's estate. They find upon the books of account or records belonging to the deceased, certain matters indicating that Mr. Kann, the defendant, is indebted to the estate, that is, it shows that without anything on the other side by way of answer. They can throw very little, if any, light upon the subject, except the fact that they have these books. The charges are not controverted. They come into court and there their knowledge in this case seems to terminate, and that will account for the fact that so far as they were concerned they were not upon the stand, because the evidence shows they could not know anything about it any more than you or I would know about a question as to which we have no personal knowledge, or in regard to an estate of which we were executors.

But the defendant is met by a similar difficulty. His claim in this case is not that he did not get this leather, but that there was a contract made between him and Mr. Holstein which was, to a certain extent, at least, a private matter, they being friendly in business relations and probably personally. He claims that under that contract Mr. Holstein entered into certain obligations for the delivery of leather of various kinds at fixed prices, with which he failed to comply. When you come to the question of that contract the defendant's mouth is closed. He is not, and he cannot be, a witness. He has to give his testimony the best way he can, from all the circumstances, or by other witnesses to prove that such a contract existed.

I shall not go into details in any shape with reference to the testimony tending to establish the alleged defense. The plaintiffs are entitled to their claim unless the defendant has satisfied you fairly by the weight of the evidence that he has a complete defense. He says that he is entitled, under those allegations, and the testimony tending to sustain them, not only to a verdict in his favor, but that there should be a large amount certified in his favor as a balance, which the jury should give if they should find there was a balance coming to the defendant. If you find a verdict for the defendant, you certify a balance in his favor of so much. That is the form of the verdict.

Or you can say, we find for the defendant so much, and we will put it in shape when you come into court.

The defendant must satisfy you that there was a contract, must satisfy you of the terms of that contract, must satisfy you of the breach of that contract. Then when he has done that, the question arises between the price that was to be paid for the leather of different kinds that was not delivered, and the market price at that time. That is what the defendant is entitled to have on his side of the settlement in his favor as against the claim of the plaintiffs, the difference between what price was agreed upon between these parties and the ordinary market price at the time of the death of Mr. Holstein, because there does not seem to be any other standard in this case. We cannot come this side of the death, because that cuts off all question in connection with these matters, relieves his personal liability and puts it out of his hands to comply with the contract. Of course it does not clear the estate, but it seems to me the only legal conclusion is to fix the standard of damages with reference to the market prices as of that date, and not at a later date, when they might have gone higher.

The first question is in reference to this contract. Was there a contract by which there was a specific agreement? Because that is what you must find; you must find a distinct agreement between these parties to supply certain leather at certain prices and at certain times. I do not mean a particular day, but as demanded, is the allegation. In other words, was there an agreement by which Mr. Holstein agreed to sell all his product, or certain amounts of leather that were ordered by Mr. Kann as soon as it was ordered, immediately or within a reasonable time? And did he, having the means within his hands, or not having the means, fail to comply with that contract?

If you come to the conclusion that there was such an agreement, then all you have got to do is to calculate the amount that was ordered under that agreement and not delivered, the price under the agreement at which they were to be delivered, and the market price at the time Mr. Holstein died. Upon that matter you will bear in mind that an order is not a contract. If the evidence only satisfies you that Mr. Kann, by a sort of amicable arrangement, ordered from time to time leather from Mr. Holstein, which he filled or not at his pleasure—ordinarily

disposed to fill it, but did not fill it,—that does not make a contract under which Mr. Holstein would be bound to pay damages. But if you agree with me to deliver certain products at a certain price specifically mentioned, and fail to do it, and the price went up, I would be entitled to the difference between the contract and the market price. If the price went up you would have a right to make me pay what I agreed to pay. It must work both ways, it must be mutual. There must be something by which each party is bound.

In this case the alleged agreement is one under which Mr. Kann had a right to order whatever leather he wanted of certain qualities and quantities agreed upon, and which Mr. Holstein had agreed he would furnish, and furnish at a certain price. If you find those facts, then, as I said before, the question comes as to what that agreement was, what price was to be paid, what was to be delivered under that agreement and what was the market price at the time of Mr. Holstein's death. Those are matters essentially of fact, matters that I dare not undertake to discuss, because I think, with my own idea of what would be just, I could not do it except by undertaking to array the testimony on one side or the other, and probably I would say too much on one side and perhaps not quite enough on the other side. The law imposes that duty upon you. Of course, there are many cases where the facts are so distinct and clear that it is the duty of the court to point out distinctly where the difference is. In doing that we have a right, and it is our duty, to refer to certain testimony. But I do not think in this case I would be even excusable in so doing, and therefore, I impose upon the jury the duty that the law places there, first to determine from all the testimony whether there was a contract. It has been commented upon, and you have heard the arguments on both sides. What was that contract? How much leather was to be delivered under it? What was the price fixed for the leather that was to be delivered? What was the market price of that which was not delivered under that contract? And what was the market price of the leather not delivered at the time of Mr. Holstein's death? If you come at it in that way, or some similar way of working out that general conclusion, you then find whether the defendant is entitled to any balance at all, and if so, how much. I may say, if you do not find that

there was an agreement you must find the amount claimed by the plaintiffs. If you find a contract, it is then for you to say what was the failure to the extent that the contract was not performed, and the damages arising, as I have suggested, by reason of the nonperformance of that contract.

We have been asked to say to you that the measure of damages is the difference between the contract agreed upon by Alexander Holstein and the market price on June 10, 1895. That we refuse to do. On the contrary we instruct you, as I have already said, that the measure of damages is the difference between the contract price and the market price on May 10, 1895, the date of the death of Alexander Holstein.

You can take these statements sent out by counsel merely as a guide and not as evidence.

Verdict and judgment for plaintiffs for $9,629.47. Defendant appealed.

*Error assigned* among others was the whole charge, quoting it.

*S. Schoyer, Jr.*, with him *S. B. Shoyer* and *William Kaufman*, for appellant.

*J. S. Ferguson*, with him *E. G. Ferguson* and *Cohen & Israel*, for appellees.

OPINION BY MR. JUSTICE FELL, January 3, 1898:

The action was on a book account for goods sold. The defendant attempted to establish, as a set-off to the plaintiffs' demand, a claim for damages for the breach of a contract to furnish other goods, and at the trial the main question was whether the contract alleged by the defendant had been made. The contract set up was oral, and the only witness called to establish it failed to define its terms with clearness or accuracy. The court left it to the jury to determine whether a contract had been entered into and, if so, what were its terms. This action of the court is assigned as error, and the appellant contends that, as the credibility of the witness had not been attacked, nor his statement contradicted by other witnesses, the court should have determined whether a legal contract had been entered into. This position is not tenable. The credibility of a witness is for

the jury, and they are not bound to accept his statements because he is unimpeached and uncontradicted by other witnesses. He may impeach and contradict himself on the witness stand, or the jury may believe that he is honestly mistaken. His manner, the motive or bias, the inherent improbability of his story or the want of accurate recollection, may discredit his testimony and justify a jury in disregarding it altogether. The question is for the jury, and not for the court.

Different contracts were set up, a general contract to sell the whole product of the tannery of certain kinds of leather, and subsequent independent contracts based on the acceptance of specific orders. If there was a breach of these contracts, no date could be fixed by the court which could furnish a standard of price for the assessment of damages, as the breaches occurred at different dates. If there was a failure to deliver, the measure of damages was the difference between the contract price and the market price at the time of the failure. But as the jury found that no contract had been made, the plaintiff was not harmed by the instruction given, and it is useless further to consider the subject.

The judgment is affirmed.