# American Watch Tool Company *v.* Reed Manufacturing Company, Appellant.

*Sale—Affidavit of defense—Averments as to the nonacceptance.*

In an action to recover the price of machinery sold and delivered, an affidavit of defense is insufficient which admits the delivery of the machinery, and an attempt to use it, but does not aver that the defendants promptly tendered a delivery back, or that they gave notice of nonacceptance within a reasonable time. A mere notice by telegram that the machinery did not fit defendants' press, is not a sufficient notice of a nonacceptance.

Argued May 20, 1901. Appeal, No. 62, April T., 1901, by defendant, from order of C. P. Erie Co., Feb. T., 1900, No. 123, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of American Watch Tool Company v. Reed Manufacturing Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that the suit was brought to recover $375, being the price of certain punchers and dies for use on No. 3 Stiles & Parker press.

Defendant filed an affidavit of defense in which they averred in part as follows:

Deponent admits that on or about August 30, 1889, defendant received from the plaintiff two punchers and dies purporting to be fitted to a No. 3 Stiles & Parker press but deponent denies that they were fitted to such press and denies that they were the punchers and dies ordered by defendant, but avers that on the contrary they were not fitted to, and could not be used on such press, and were not the articles ordered by defendant; deponent further avers that immediately upon receipt of said punchers and dies, defendant notified plaintiff by telegram that the same would not fit press, as shown by copy of telegram under date of August 31, 1899, attached to plaintiff's statement of claim.

Deponent admits that defendant placed the said punchers and dies in its shop at or near the city of Erie, and attempted to use the same, but was unable to do so by reason of their not being constructed in accordance with the order and instructions of the defendant; but deponent denies that defendant accepted the same, or ever has accepted the same. Deponent denies that defendant is using the said punchers and dies in its shop at or near the city of Erie in carrying on its business, but avers that on the contrary the defendant is not using the same, and further that the said punchers and dies have been and are now at the disposal of the plaintiff.

Deponent further denies that the said punchers and dies were constructed and delivered to the defendants in strict compliance with the order and instructions sent by the defendant to the plaintiff, but avers that on the contrary they were not constructed in accordance with said order and instructions and were not accepted by the defendant. All of which facts deponent avers to be true and expects defendant to be able to prove on the trial of this cause.

*Error assigned* was the order of the court.

*Frederick S. Allis,* for appellant.—When plaintiff has made

a concise statement, and accompanied it by copies of the correspondence forming the contract upon which its claim is founded, it has done all that the procedure act requires. Whatever else it may insert in and make a part of its statement, is mere surplusage, or is in the nature of evidence and need not be replied to by affidavit: Anchor Savings Bank v. Stoneham Tannery Co., 8 Pa. C. C. Rep. 303.

It is not necessary in pleading to state that which is merely matter of evidence. In other words, it is not necessary in alleging a fact, to state such circumstances as merely tend to prove the truth of the fact: Twitchell v. McMurtrie, 77 Pa. 383; Henry v. Lynde, 12 Pa. C. C. Rep. 189; Griffith v. Sitgreaves, 2 W. N. C. 707.

All the correspondence, other than that forming the contract between the parties, being only evidence for a jury, was irrelevant and immaterial as a part of plaintiff's statement, needed no reply in defendant's affidavit, and should not have been noticed by the court in passing upon the sufficiency of the affidavit.

*Henry E. Fish*, with him *John S. Rilling*, for appellee.—The affidavit is clearly defective for the reason that it fails to aver any offer to return the goods to the plaintiff, or any notice of defendant's intention not to accept the same : Tiffany on Sales, 198; Dailey v. Green, 15 Pa. 118; Gould v. Gage, 118 Pa. 559; Longacre v. Dinan, 2 Northampton, 325; Stutz v. Loyalhanna Coal & Coke Co., 131 Pa. 267; Austin v. Hughes, 5 Kulp, 226.

OPINION BY WILLIAM W. PORTER, J., July 25, 1901 :

The statement of claim sets forth that the plaintiffs made, pursuant to contract by correspondence, certain punchers and dies fitted to a No. 3 Stiles & Parker Press, which were delivered to the defendants and accepted by them. This action is brought for the price. To the statement, in addition to the correspondence relating to the contract, was appended other correspondence by mail and by wire, which the defendants complain was not properly a part of the pleading (because anticipatory of a possible defense) and of which the court below took cognizance in entering judgment for want of a sufficient affidavit of defense. It may be admitted that some part of this

correspondence had no proper place in the statement; but it was necessary to the defendants to show by their affidavit that they had not accepted the machinery furnished and that they had given notice to the plaintiffs of the nonacceptance. The affidavit admits the delivery of the machinery and an attempt on their part to use it. It does not aver that the defendants promptly tendered a delivery back. It does aver, in general terms, that the machinery was not accepted. It avers that notice was sent to the plaintiffs of a nonacceptance. At this point the affidavit refers to a telegram which was sent to the plaintiffs in these words: "Dies not fitted to our press: see Bliss catalogue, page sixty-three." This telegram is a part of the correspondence appended to the statement. Had it not been so appended, the defense in support of their affidavit and in order to show that some notice of nonacceptance was given, would have been driven to a reference to it in their affidavit. They rely on this telegram to show notice of nonacceptance. But, shutting our eyes to the balance of the correspondence, we cannot agree that proper notice of nonacceptance was contained in this telegram, which was the only notice given. In terms it is a complaint that the machinery was not satisfactory, but it was not a notice that the defendants declined to accept and was not an offer to return the machinery. The affidavit shows that the machinery was never in fact redelivered and remained up to the time of the filing of the affidavit in the possession of the defendants. Under these circumstances, we think the affidavit insufficient. Omitting to return the machinery or to give notice of nonacceptance within a reasonable time, debarred the defendants from a defense in an action for the price. They could not both hold the machinery and refuse to pay for it: Dailey v. Green, 15 Pa. 126.

The court below allowed a credit to the defendants of $45.00, which, by one of their own letters, appears to be the amount required to adapt the machinery to the purpose required by the defendants. As this credit enures to the advantage of the defendants it cannot be made here the subject of complaint. We have not been convinced by the able argument of counsel for the defendants that error was committed in the action taken by the court below.

The judgment is, therefore, affirmed.