Opinion by
Morrison, J.,
The plaintiffs brought this action of trespass to recover for the cutting of some timber on a tract of land warranted in the name of Nathan Hammond. At the trial it was agreed that if the plaintiffs were entitled to recover the verdict should be in the sum of $25.00. The defendants set up a claim of title to the land on which the timber was cut and the court gave a binding instruction in favor of the defendants on the ground that they had actual possession of the land in dispute at the time this action was instituted and therefore the action of trespass would ■not lie; that the title would first have to be settled in an action of ejectment.
The timber was cut on a piece of land which appears to have been warranted to John Hoyle, but the plaintiffs contended that this land was covered by the warrant issued to Nathan Hammond on July 25, 1794, and sur.veyed'November 5,1794, and that the John Hoyle warrant was simply an overlapping of other lands including that of the plaintiffs. The theory of the plaintiffs was that the land on which the timber was cut was unimproved or unseated land and that they having the better title it gave them constructive possession of the land and entitled them to recover in this action of trespass on the theory that the defendants were not in the actual possession of the locus in quo. It is so well settled in Pennsylvania, by a long line of decisions, that a sufficient title of unseated *135 or wild land gives to the owner a constructive possession so that he can maintain an action of trespass, if there were not an actual adverse possession clearly made out on the part of the defendants, that it hardly seems necessary now to cite authorities in support of the proposition. However, we will here refer to some of the cases. In Baker v. King, 18 Pa. 138, it was held (syllabus): “A warrant for unimproved land gives to the owner of it a constructive possession of the land which will enable him to maintain trespass for digging ore upon it, against one who has not an actual adverse possession of the land.” To the same effect is Hole v. Rittenhouse, 25 Pa. 491; Hughes et al. v. Stevens, 36 Pa. 320; Hole v. Rittenhouse, 37 Pa. 116; Rifener v. Bowman et al., 53 Pa. 313; Roe v. Wilbur, 57 Pa. 406; Miller v. Zufall, 113 Pa. 317; Irwin et al. v. Patchen et al., 164 Pa. 51. The above cases and many, others which might be cited establish the law that if the plaintiffs had a good title to the locus in quo and the defendants did not have an actual bona fide possession, and the land was unimproved, then the plaintiffs might recover in trespass for the damages sustained by the cutting of the timber.
At the trial the learned court charged the jury (first assignment of error) as follows: “This is an action in trespass. The trespass under the evidence has not been proved, and the question in this action would be of title. That would require an action in ejectment; the land in controversy being improved land in possession of one of the defendants for many years prior to the alleged trespass continues in the possession of one of the defendants up to the present time under at least a claim of title.”
The second assignment of error is founded on the defendants’ first point that “under all the evidence in the case, the verdict must be for the defendant.” Answer: “This point is affirmed.” The third assignment is that the court erred in affirming defendants’ second point that “under the evidence in the case, the action being in trespass, and actual possession of the Hoyle tract having been *136 shown to be in defendant, verdict must be for defendant.” Answer: “Affirmed.” We see no escape from sustaining these three assignments of error. The question of whether the land was improved and whether the defendants, or any of them, were in possession of it was in dispute between the parties and a large quantity of oral testimony was offered in support of the respective contentions of the parties, both as to the improvement of the locus in quo and the possession of it by the defendants, or any of them.' The plaintiff took the affirmative of the question that the land was unimproved and that there was no actual possession of it in the defendants. On the other hand, the defendants affirmed not only that they had title to the locus in quo, but that they had had actual possession of it for upwards of twenty-one years. Both parties offered considerable oral testimony in support of their respective contentions and of course this testimony ought to have been referred to the jury as these were material facts and the testimony being oral, the learned court had no power to give a binding instruction that the land was improved and in the possession of at least one of the defendants for many years prior to the alleged trespass. As long ago as in 1847 our Supreme Court in Bank v. Donaldson, 6 Pa. 179, said: “The principal exception to the charge is the submission to the jury of a question of fact, the evidence of which is said to be all on one side. But the jury were to judge of the credibility of the witnesses and might possibly have disbelieved every word of their testimony; in which event it would have been their duty to find against the parties who were to maintain the affirmative of the issue.”
“Where a case depends on oral testimony, such testimony must be submitted to the jury:” Lehigh Coal & Nav. Co. v. Evans et al., 176 Pa. 28. In Lautner v. Kann, 184 Pa. 334, Mr. Justice Fell, speaking for the Supreme Court, said: “The credibility of a witness is for the jury, and they are not bound to accept his statements because he is unimpeached and uncontradicted by other *137 witnesses. He may impeach and contradict himself on the witness stand, or the jury may believe that he is honestly mistaken. . . . The question is for the jury and not for the court.” This court held the same rule in Barnett v. Becker, 25 Pa. Superior Ct. 22. See also Reel v. Elder, 62 Pa. 308; Edwards v. Woodruff, 25 Pa. Superior Ct. 575.
The above authorities and many others which we could refer to require us to sustain the first, second and third assignments of error. There are nine other assignments, but we do not deem it essential to discuss them for the reason that this is a very simple case to try. and if the evidence on a subsequent trial should be substantially the same, the case must go to the jury under appropriate instructions from the court. As we have already seen, if the plaintiffs have the better title and the locus in quo is unimproved land, and the defendants did not have an actual bona fide possession of the Hoyle lot when it is alleged the timber was cut, then there is no legal barrier in the way of the plaintiffs’ recovery. But whether the plaintiffs can recover or not will be materially controlled by questions of fact which must be referred to the jury. The remaining assignments of error are dismissed so that the case may be tried in the new in accordance with the views expressed in this opinion.
The judgment is reversed with a venire facias de novo.