Hausman and Buttler, Appellants, v. Dougherty & Sons, Inc.

Argued October 24, 1928.

Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Harry L. Jenkins*, of *Jenkins and Bennett*, for appellant.

*J. Sidney Bass*, and with him *Edward W. Wells*, for appellee.

Opinion by Cunningham, J., March 1, 1929:

Plaintiffs brought their action in the municipal court of the County of Philadelphia to recover from defendants a balance alleged to be due under a written order for the manufacture of certain stools. By the pleadings it was admitted that $600 had been paid on account of a total consideration of $1,000 and the suit

was for the balance. The parties waived a jury and the trial resulted in a finding by the judge that plaintiffs were not only not entitled to recover anything but should return to defendants the $600 received on account. This appeal is by the plaintiffs from the finding in favor of the defendants in the sum of $675.

Dougherty and Sons, the defendants, had a contract to furnish 400 stools for use in a high school at Atlantic City, N. J. Hausman and Buttler, the plaintiffs, are manufacturers of furniture and offered to make the stools, in conformity with a sample which they submitted, for $2.50 each. Under date of September 14, 1925, defendants gave, and plaintiffs accepted, an order, in writing, to furnish "400 oak stools, as per sample submitted, $2.50 each." It does not appear that plaintiffs then knew where the stools were to be used. Defendants sent trucks from time to time to plaintiffs' place of business for the stools as they were manufactured and the final delivery was made December 30, 1925. On January 20, 1926, defendants paid plaintiffs $600 on account of the contract.

The first notice of any dissatisfaction on the part of defendants was a letter written by them to plaintiffs under date of March 5, 1926, advising that three stools had been returned to them by the school authorities as being defective and saying "these must be put in first-class shape or new stools furnished, and there are several others that are to be returned as soon as these are finished." In April, 1926, another complaint was made by defendants and plaintiffs sent employes to the school who repaired a number of stools which plaintiffs assert had been injured through misuse by the pupils but which defendants claim had been defectively manufactured. Defendants averred that the stools did not conform to the sample in that certain "tie-rods" were lighter and certain "domes" smaller than in the sample, and also asserted that they were

not uniform in height. Defendants' representative in charge of this matter stated that the "fact that they were not according to sample was discovered" before they were used. Complaint was also made that the gluing had not been properly done. There is no competent evidence of any further notice from defendants to plaintiffs relative to the alleged defects until an offer was made by counsel for defendants in November, 1926, to return to plaintiffs the stools which had been used during the school year and then removed by defendants to their warehouse in Philadelphia. The evidence upon the question whether the stools had been manufactured in accordance with the sample was conflicting but there was evidence to sustain the finding of the trial judge that a number of them were defective. The defendants contended that they were obliged to procure stools elsewhere at an advanced cost and made a counter-claim based upon this expenditure and certain expenses which they say were incurred in removing the stools manufactured by plaintiffs and installing new ones, but this counter-claim seems to have been rejected by the trial judge. Adopting, as we do, the conclusion of the trial judge that there was a breach of warranty, the question remains whether the defendants, under the facts we have outlined and concerning which there is no substantial conflict in the evidence, could successfully defend against payment of the balance claimed and recover the amount paid on account. It is clear that the remedy invoked by them and applied by the trial judge is that prescribed in sub-section (d) of the first paragraph of section 69 of the Sales Act of May 19, 1915, P. L. 543, namely, "rescind the contract ...... and refuse to receive the goods, or, if the goods have already been received, return them or offer to return them to the seller, and recover the price or any part thereof which has been paid." But the 48th section of the

act must also be considered in this case. It reads: "The buyer is deemed to have accepted the goods when ...... the goods have been delivered to him, and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them."

What is a reasonable time, where the facts are ascertained as in this case, is ordinarily a question of law for the court, to be determined upon a consideration of all the circumstances: Hickman v. Shimp, 109 Pa. 16, 20; Spiegelberg v. Karr, 24 Pa. Superior Ct. 339. It is well established by our cases that after the actual reception of the goods and the lapse of a reasonable time to examine them and to ascertain their quality, the buyer will be deemed to have accepted them, unless he then promptly exercises his right to reject them. This right must be exercised not only promptly but unequivocally. Mere complaints as to the quality of the goods, while exercising dominion over them inconsistent with ownership in the seller, are not sufficient: Tete Brothers v. Eshler, 11 Pa. Superior Ct. 224; American Watch Tool Co. v. Reed Manufacturing Co., 18 Pa. Superior Ct. 24; Spiegelberg v. Karr, supra; McGlinn v. Jackson, 86 Pa. Superior Ct. 562.

The evidence was uncontradicted that the defendants received the last delivery on December 30, 1925; that they had opportunity for immediate inspection; and that, although they made several complaints that some of the stools were defective, they continued to exercise dominion over them and made no offer to return them until a period of eleven months had elapsed. The trial judge declined to find, as requested by plaintiffs, that "eleven months is not, as a matter of law, a reasonable time after the expiration of which to re-

ject the stools and the defendant is therefore deprived of the benefit of its right of rejection, since it appears from the evidence that no attempt or offer of rejection was made prior to the letter under date of November 24, 1926, sent by counsel for the defendant to counsel for the plaintiffs.'' In our opinion this request should have been affirmed. Giving full effect to the finding of the trial judge that the stools were not manufactured in accordance with the sample, it is clear under all the testimony that, although the defendants had ample opportunity for inspection, they did not unequivocally exercise their right to reject them within a reasonable time. Appellants' motion for judgment in their favor upon the whole record should have been granted.

The judgment for defendants is reversed and is now entered in favor of the plaintiffs for $400, with interest from December 30, 1925.