## Foell Packing Company *v.* Harris, Appellant.

Argued April 27, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Abe R. Cohen,* with him *Levy & Crone,* for appellant.

*Frank R. Murdock,* with him *Frank W. Stonecipher,*
of *Stonecipher & Ralston,* for appellee.

OPINION BY STADTFELD, J., July 15, 1937:

This appeal arises out of an action of assumpsit tried
in the County Court of Allegheny County, in which
case, at the conclusion of the testimony, a verdict was
directed for the plaintiff for the full amount claimed.
Motion for new trial was overruled, after argument be-
fore the court en banc, in an opinion by PIEKARSKI, J.,
and judgment entered on the verdict. This appeal fol-
lowed.

On March 9, 1933, the defendant orally ordered from
a salesman of the plaintiff, one hundred cases of pigs

feet to be packed in glass jars. Fifty cases were to be shipped at once, and fifty cases were to be shipped later on the request of the defendant. Fifty cases were shipped on March 21, 1933, and were paid for by the defendant on April 17, 1933. The remaining cases were shipped at the request of the defendant on June 1, 1933. When these fifty cases were not paid for, suit was brought.

The defendant denies owing for the merchandise, alleging the merchandise was unsalable and not merchantable; that it was not reasonably valued at $115 and that he did not use the merchandise. The defendant also filed a counter-claim in the amount paid for the first shipment, alleging the merchandise was not fit for human consumption and that he had not used the merchandise.

At the trial, the plaintiff offered the deposition of one witness to show that the order was received from the defendant; that the price charged was the reasonable price and agreed to by the defendant and that the merchandise was merchantable and salable when shipped by the plaintiff. The plaintiff rested.

The defendant then read into the record, paragraph one of the counter-claim, which reads: "Defendant avers that under date of March 21, 1933, he orally ordered from the defendant, one hundred cases of H. & M. Brand pigs feet at $2.30 per case, fifty cases of which were immediately shipped to him, and he paid to the plaintiff corporation for the same the sum of $108.16, after taking credit for discount." The defendant offered no testimony that there was anything wrong with the pigs feet when received by him, although it was admitted by the defendant that the merchandise was packed in glass jars and could have been examined easily.

The defendant testified that sometime in April, after

he was attempting to sell the merchandise and had been selling the same, he was told by his store supervisor that there was something wrong with some of the jars of pigs feet, that he then looked at them and found some had turned color—some were gray, but that others were pink and looked all right, and these he continued to sell. He further testified that even though he was told by warehouseman Obhey, on April 1, about the condition of some of the jars of pigs feet, he, nevertheless, paid for this shipment in full on April 17, 1933, that even though some of the first shipment had turned bad, nevertheless, when the June shipment was received he did not examine it, but that he immediately sold part of this shipment. In fact, he continued to sell from the first shipment until after the receipt of the second shipment and did not discontinue selling from the second shipment until August of 1933.

The defendant offered evidence that in April and July he had notified the salesman of the plaintiff company that there appeared to be something wrong with some of the jars of pigs feet. This testimony was excluded by the court because the defendant offered no evidence that the salesman had any authority to receive and act on complaints relative to the quality of the merchandise. The defendant then offered a letter written under date of August 24, 1933, to the plaintiff company, complaining of the quality of the merchandise, but the court ruled as a matter of law that this notice to the plaintiff company was too late. On motion of counsel for the plaintiff, the court directed a verdict for the plaintiff.

The only assignments of error necessary to consider relate (a) to the court giving binding instructions in favor of plaintiff; (b) in overruling defendant's offer of testimony relative to notice given to plaintiff's salesman as to the condition of the merchandise; and (c)

in overruling defendant's offer of notice sent to plaintiff on August 24, 1933.

(a) Appellant's position is that plaintiff's claim depended on oral testimony and should have been submitted to the jury.

The plaintiff offered oral testimony at the trial of the case that the defendant gave an order for the merchandise through plaintiff's salesman; that the price charged therefor was the price agreed upon; that the defendant received the merchandise as ordered, and that it was in salable condition when shipped.

When the defendant opened his case, he offered in evidence, paragraph one of the counter-claim, in which he admits giving the order and admits he was to pay $2.30 per case for the merchandise. The defendant then testified in direct examination that he received the merchandise in question in March of 1933 and in June of 1933, and that he made sales of the merchandise in question and continued to sell it until August of 1933, long after he had received complaints from his customers that some of the merchandise had spoiled.

When the defendant and his witnesses went on the stand and admitted having exercised ownership of the merchandise in question by selling the same and failing to show legal notice to the plaintiff of any defects in the merchandise within the time contemplated under Section 48 of the Sales Act of 1915, P. L. 543, they thereby admitted the facts relied on by the plaintiff in proving its case and there was no question of fact then involved for the court to submit to the jury. Where a witness for a party makes admissions as to a material fact in issue and there is no contradictory testimony by the other party said evidence, although oral, may be the basis of binding instructions, or judgment n.o.v. in favor of the adverse party. See *Smith v. Penn Township Mutual Fire Asso.*, 323 Pa. 93, 186 A. 130; *Ameri-*

can Surety Co. of New York v. Meadville Lodge, No. 219, Elks, 114 Pa. Superior Ct. 451, 174 A. 591.

The cases relied on by appellant are readily distinguishable from the instant case. In *Barsky v. Lutz & Schramm,* 74 Pa. Superior Ct. 449, the buyer sued the seller for the latter's failure to deliver goods which had been ordered, and, therefore, it was a clear case for damages for breach of contract. *Canole v. Allen,* 222 Pa. 156, 70 A. 1053, was a case which involved damages suffered by the plaintiff because of the unlawful removal of a building. Those two cases related to damages for breach of contract or damages because of a tort, respectively. The present case it not for damages for breach of a contract. It is for the value or agreed upon price of the goods sold, in affirmance of the contract.

(b)  As to the alleged notice given to Van Praag, plaintiff's salesman who took the order, there was no evidence that Van Praag had any authority other than to take order for the merchandise. Notice to such a salesman is not a notice that would in any way affect the principal to the contract. This court in *Doll v. Ryder,* 118 Pa. Superior Ct. 7, 178 A. 320, quoted with approval, the case of *Mange-Wiener Co. v. Worsham Co.,* 27 Pa. Superior Ct. 315, which held that no implied authority to rescind and accept a return of the goods is to be inferred in a selling agent, from the mere fact of his authority to sell, and in the opinion by Judge BALDRIGE, the court quoted with approval The Restatement of the Law of Agency, Sec. 268, Chapter 8, p. 595, which reads: "An agent who makes a contract for the principal is not necessarily the person to whom the other party thereto is to give a notification in connection therewith. Thus, if a traveling salesman were to take an order for goods, the buyer does not affect the principal by a notification

of his repudiation of the contract given to such agent, unless the customs of business or the usages of the parties permit it." Oral notice to the salesman, Van Praag, was not a notice to the seller of any defects in the merchandise as required under Section 49 of the Sales Act of 1915, P. L. 543, 69 PS 259.

(c) As to the notice given by letter of August 24, 1933: In this case the first shipment of merchandise was made March 1, 1933 and was paid for on April 17, 1933. The second shipment was made on June 1, 1933, and no complaint was made until August 24, 1933, although the defendant, in his testimony, claims he knew of defects in the merchandise received in the first shipment before he even ordered the second shipment and that he knew of defects in the second shipment the early part of June, but he continued to sell from both shipments until August of 1933. It has been held in numerous cases that the buyer's rights to reject goods must be exercised promptly and unequivocally and that complaint as to quality while exercising dominion over the goods is not rejection of the goods: *McGlinn v. Jackson,* 86 Pa. Superior Ct. 562. It has also been held in numerous cases, that the buyer must exercise due diligence in inspecting goods purchased and in advising the seller of any imperfections, and that the question as to whether there has been an unreasonable delay in notifying the seller of the defects is, where the facts are undisputed, ordinarily a question of law for the court: *Crunden Martin Mfg. Co. v. Turner,* 274 Pa. 425, 118 A. 365; *Ireland Bros. v. Refowich Bros.,* 90 Pa. Superior Ct. 221.

After a careful consideration, we are of the opinion that the case was correctly decided in the court below.

The assignments of error are overruled and judgment affirmed.