### BELL et al. v. MAIN.
### No. 2638.

District Court, E. D. Pennsylvania.
April 9, 1943.

Phillips & Phillips, of Philadelphia, Pa., for complainants.

Otto W. Woltersdorf, of Philadelphia, Pa., for respondent.

KALODNER, District Judge.

This matter came to trial before me without a jury. Upon consideration of the pleadings, and after hearing the testimony of witnesses and the argument of counsel, I make the following findings of fact:

(1) The complainants, W. W. Bell and Ellwood McCuaig, are co-partners doing business as Bell and McCuaig, and their post office address is No. 20273 Vining Road, New Boston, Michigan.

(2) The respondent, George J. Main, is an individual doing business as The Sunny-burn Trading Co., and his post office address is Nos. 307-309 North Front Street, Philadelphia, Pennsylvania.

(3) During all the time with which this complaint is concerned, the respondent was licensed under the Perishable Agricultural Commodities Act of 1930, § 1 et seq., as amended, 7 U.S.C.A. § 499a et seq.

(4) On January 22, 1941, the respondent wrote to the complainants and offered to purchase rhubarb on the following terms: 5 lb. box, choice, 27¢ net, 5 lb. box, fancy, 36¢ net, 5 lb. box, extra fancy, 40½¢ net, to be shipped in interstate commerce from New Boston, Michigan, and delivered to Philadelphia, Pennsylvania, with no commission charge.

(5) The respondent, in the aforesaid order, specified a shipping number, and the shipments were to be made at least three times per week.

(6) The complainants shipped rhubarb from New Boston, Michigan, and delivered the same to the respondent at Philadelphia, Pennsylvania, between February 10, 1941 and March 5, 1941, on the dates, of the grades, and in the quantities following:

| Date | Grade | | | Cases |
|---|---|---|---|---|
| | Ex. Fancy Boxes | Fancy Boxes | Choice Boxes | |
| 2/10/41 | 40 | 49 | 21 | 11 |
| 2/11/41 | 60 | 50 | 20 | 13 |
| 2/12/41 | 46 | 60 | 34 | 14 |
| 2/13/41 | 40 | 90 | 50 | 18 |
| 2/15/41 | 45 | 110 | 65 | 22 |
| 2/17/41 | 50 | 90 | 40 | 18 |
| 2/18/41 | 60 | 52 | 10 | 12 |
| 2/19/41 | — | 60 | 30 | 9 |
| 2/22/41 | 10 | 70 | 30 | 11 |
| 2/24/41 | 10 | 60 | 10 | 8 |
| 2/26/41 | 4 | 56 | 10 | 7 |
| 2/27/41 | 20 | 60 | 10 | 9 |
| 3/31/41 | 30 | 70 | 10 | 11 |
| 3/ 4/41 | 50 | 90 | 20 | 16 |
| 3/ 5/41 | 20 | 70 | 10 | 10 |
| | 485 | 1035 | 370 | 189 |

(7) The respondent, on the arrival of the said rhubarb at Philadelphia, Pennsylvania, paid the express charges and accepted the said rhubarb into his possession without complaint as to condition, grade, quality, or quantity, and thereafter exercised ownership or dominion over the said rhubarb.

(8) The total amount for which the respondent became indebted to the complainant was the sum of $668.92, less the express

charges paid by the respondent in the sum of $212.06, or $456.86.

(9) The respondent, on or about June 30, 1941, remitted to the complainants the sum of $50 on account of the said indebtedness, and on or about December 1, 1941, the sum of $73 on account of the said indebtedness, aggregating $123, leaving a balance still due of $333.86.

(10) In making the payments referred to in Finding (9) on account of his indebtedness to the complainants, the respondent made no complaint as to the condition, grade, quality or quantity of the rhubarb shipped to him between February 10 and March 5, 1941.

(11) The cause of action accrued during the period of February 10 to March 5, 1941, and an informal complaint was filed with the Agricultural Marketing Service, pursuant to the provisions of the Perishable Agricultural Commodities Act of 1930, (as amended), on October 14, 1941, which was within the nine months allowed under the Act for the filing of a claim for reparation.

(12) No complaint of any kind as to the condition, grade, quality or quantity of the said rhubarb was made by the respondent until after the informal complaint was filed with the Agricultural Marketing Service.

### Discussion.

The complainants here originally filed formal complaint with the Agricultural Marketing Service of the United States Department of Agriculture on January 19, 1942, seeking an award of reparation under the provisions of the Perishable Agricultural Commodities Act of 1930, as amended June 29, 1940, c. 456, Secs. 1, 2, 54 Stat. 696, 7 U.S.C.A. § 499a, against the respondent for damages in the amount of $333.86 representing the balance due on fifteen shipments of rhubarb by express, purchased by the respondent from the complainants for shipment in interstate commerce and later so shipped from New Boston, Michigan to Philadelphia, Pennsylvania. An answer was filed by the respondent, denying that he purchased the rhubarb and alleging that it was handled on consignment. The answer also averred that the rhubarb did not conform to the grade and quality specified.

The Secretary of Agriculture on June 3, 1942, after consideration of the pleadings and testimony adduced in proceedings before him, made an order of reparation for $333.86 with interest from March 5, 1941, and the respondent took a timely appeal from the reparation order to this Court under Section 499g(c) of the Perishable Agricultural Commodities Act.

Section 499g(c) of the Act provides in part as follows: "* * * Such suit in the district court shall be a trial de novo and shall proceed in all respects like other civil suits for damages, except that the findings of fact and order or orders of the Secretary shall be prima-facie evidence of the facts therein stated. * * *"

At the trial before me the respondent defended the action on the ground that the rhubarb was not of the proper quality and grade, and that upon its receipt the respondent had so notified the complainants.

As stated in Findings of Fact (7) and (10), I have found that there was no complaint made by the respondent as to the quality, grade or condition of the rhubarb from the date of its receipt until after the complaint proceedings were instituted by the complainants before the Secretary of Agriculture in the reparation proceedings.

On the contrary, the evidence discloses, as stated in Finding of Fact (9), that while the rhubarb was delivered between February 10 and March 5, 1941, payments on account were made in June and December, 1941, without any complaint being made as to the quality, grade or condition of the rhubarb.

In contradiction to the respondent's present contention that the rhubarb was not of proper quality and grade, it appears that on March 19, 1941, the respondent wrote to the complainants relative to the rhubarb in question, making no complaint but stating that: "* * * . We are forced now to pack this rhubarb, to keep it from going to waste. We are short of money at present time to pay you for it, due to us having to pay off a $3500.00 loan, which was call money. In a week or 2 weeks we will start to clean it up for you."

In another part of the letter the respondent stated: "* * * it was impossible to sell it (the rhubarb) here on the retail market, as it was flooded with other rhubarb."

The Perishable Agricultural Commodities Act of 1930, § 2, as amended, 7 U.S.C.A. § 499b provides as follows: "It shall be unlawful in or in connection with any transaction in interstate or foreign commerce—* * *

"(4) For any commission merchant, dealer, or broker * * * to fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had * * *."

Further, the Uniform Sales Act of May 19, 1915, P.L. 543, Section 48, 69 Purdons § 258, provides as follows: "The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him, and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them."

Section 49 of the Pennsylvania Act cited, 69 Purdons § 259, provides: " * * * if, after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty, within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor."

In the instant case, the produce in question was received by the respondent between February 10, 1941, and March 5, 1941, and it is undisputed that there was no complaint made as to the condition, grade, quality or quantity of the rhubarb until February, 1942—almost a year later— when the respondent filed his Answer to the complaint in the reparation proceedings.

It is well settled, under the Pennsylvania decisions, that the purchaser must exercise due diligence in inspecting goods purchased and in advising the seller of any imperfections; and further, that the buyer's right to reject goods must be exercised promptly and unequivocally, and that even mere complaint as to quality while exercising dominion over the goods does not constitute rejection of the goods: see Plant Flour Mills Company v. Barag, 100 Pa. Super. 320; Foell Packing Company v. Harris, 127 Pa.Super. 494, 193 A. 152; Cosmo Dress, Inc., v. Perlstein & Company, Inc., 134 Pa.Super. 597, 4 A.2d 596; Meguire v. Gallagher, 89 Pa.Super. 576.

In the Cosmo Dress case, supra, page 601 of 134 Pa.Super., page 597 of 4 A.2d, the Pennsylvania Superior Court stated: "The acceptance of goods by a buyer will be presumed after their receipt and lapse of a reasonable time for examination. If he exercises his right to reject them, he must do so not only promptly but unequivocally. * * *"

Under the law and the facts here it is clear that the verdict must go to the complainants.

Finally, the Perishable Agricultural Commodities Act of 1930, § 7(c), supra, provides inter alia as follows: "(c) * * * Appellee shall not be liable for costs in said court if appellee prevails he shall be allowed a reasonable attorney's fee to be taxed and collected as a part of his costs. * * *" 7 U.S.C.A. § 499g.

In that connection, it is my opinion that a reasonable attorney's fee in this case would be $75.

In accordance with the above, I state the following conclusions of law:

1. This action constitutes a contract of purchase by the respondent and a sale by the complainants.

2. The shipments of rhubarb made by the complainants to the respondent were in accordance with the terms of the said contract.

3. The cause of action accrued during the period of February 10, 1941, to March 5, 1941, and the formal complaint was filed within the nine months allowed for the filing of a claim for reparation under the provisions of the Perishable Agricultural Commodities Act of 1930, as amended.

4. The failure of the respondent to account to the complainants for the balance of the purchase price of the rhubarb bought from the complainants is a violation of the Perishable Agricultural Commodities Act of 1930, as amended.

5. The delivery of the rhubarb by the complainants to the respondent, and the payment by the respondent of the express charge, his taking possession of the rhubarb, his exercise of ownership and dominion over the rhubarb, and his failure to seasonably reject the rhubarb, constituted an acceptance, rendering the respondent liable for the purchase price of the said rhubarb.

6. The order of reparation entered by the Secretary of Agriculture under date of June 3, 1942, in favor of the complainants and against the respondent, in the sum of $333.86, with interest thereon at the rate of 5% per annum from March 5, 1941, until paid, is affirmed.

7. The respondent is liable to the complainants in the sum of $333.86, with in-

terest thereon at the rate of 5% per annum from March 5, 1941, together with costs, and attorney's fee of $75.

8. On the facts and the law the judgment of the court must be in favor of the complainants and against the respondent herein.

An order for judgment may be submitted in accordance with this opinion.