MILDRED FORD *vs.* BARNARD, SUMNER & PUTNAM COMPANY.

Worcester.    December 12, 1972. — March 23, 1973.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Sale,* Warranty.  *Notice.*

A telephone call by a household purchaser to a store, merely stating to the answering "voice" that the purchaser had used a named facial cream bought there and that she had experienced burning and itching to her skin, describing the condition of her face and asking what she could do, and concluding "Is that all you can tell me?" was insufficient in content to satisfy the requirements of G. L. c. 106, § 2-607 (3) with respect to notice of alleged breaches of warranties, and the insufficiency of the purchaser's notice was not cured by a subsequent notice from her attorney in the absence of evidence of how such notice was given or of its content. [193-195]

CONTRACT. Writ in the Superior Court dated August 14, 1969.

The action was tried before *Connolly,* J.

*Alexander B. Way, Jr.*, for the defendant.

*John E. Swanstrom* for the plaintiff.

KEVILLE, J.   This is a bill of exceptions in an action of contract in two counts for breach of express and implied warranties of fitness and merchantability in the sale of a cosmetic product. The trial judge in the Superior Court at the close of the evidence denied the defendant's motion for directed verdicts. The defendant took exception to the judge's ruling and the jury returned verdicts for the plaintiff.

In January, 1969, the plaintiff went to the cosmetic department of the defendent's store and asked a sales person for "Genava" cream, a facial cosmetic which had been advertised in a Sunday newspaper four days previously. She purchased a jar of "Genava" and, after using the cream for three days as directed from instructions on the jar, experienced burning and itching of her skin. This condition persisted and required medical treatment for a period of three months.

We do not reach other questions raised by the defendant's exception for we are obliged at the threshold of the case to conclude that the defendant is correct in its assertion that the plaintiff cannot prevail because of her failure to give the defendant sufficient notice of its alleged breaches of warranty. The issue is not the timeliness of the notice but rather the sufficiency of its content. The evidence of notice considered in its aspect most favorable to the plaintiff (*Petrangelo* v. *Pollard*, 356 Mass. 696, 697, and cases cited), and in fact the only evidence of notice, comes from the plaintiff's testimony.

Five or six days after the irritation occurred, she made a telephone call to the defendant's store. She asked for the cosmetic buyer. There ensued a conversation with a "voice." The plaintiff told the "voice" that she had used "Genava" cream, explained what had happened and the condition of her face, and asked what she could do. Her concluding remark was "Is that all you can tell me?" In answer to an interrogatory propounded to her by the defendant inquiring when she first notified the defendant

of the injury, she replied "March 18, 1969." She further answered "that was when my lawyer notified them."

The applicable statute is the Uniform Commercial Code — Sales, G. L. c. 106 § 2-607 (3), which provides that "[w]here a tender has been accepted (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." The sole case relied upon by the plaintiff (*Guthrie* v. *J. J. Newberry Co.* 297 Mass. 245), decided under comparable language in the Uniform Sales Act,[1] is readily distinguishable upon its facts and does not support her assertion of the sufficiency of her notice.

In its only occasion to consider the question of notice under the Code, the Supreme Judicial Court has observed that "[i]t is manifest from the comment to the Code that the notice of breach required by § 2-607 was intended to be less rigorous than that required by § 38 of the Sales Act, at least so far as applied to a household purchaser rather than a 'merchant buyer.' " *Nugent* v. *Popular Markets, Inc.* 353 Mass. 45, 49. Comment 4 to § 2-607 of the Code, referring to the timeliness of notification, states that "the rule of requiring notification is designed to defeat commercial bad faith, not to deprive a good faith consumer of his remedy." It further states that "[t]he notification which saves the buyer's rights under this Article need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation."

The notice need not be given in any particular manner or form. *Jay V. Zimmerman Co.* v. *General Mills, Inc.* 327 F. Supp. (E. D. Mo.) 1198, 1204. *Warren's Kiddie Shoppe, Inc.* v. *Casual Slacks, Inc.* 120 Ga. App. 578. *Lanners* v. *Whitney,* 247 Ore. 223. Making allowance for the less rigorous standard prescribed under the Code for a "household purchaser," as the plaintiff here must be regarded, the notice in our view remains insufficient. Assuming that the

---

[1] The Sales Act was supplanted by the Code in this Commonwealth by St. 1957, c. 765, § 1, effective October 1, 1958.

person in the defendant's employ to whom the plaintiff spoke by telephone was authorized to receive complaints in behalf of the defendant (*Foell Packing Co.* v. *Harris,* 127 Pa. Super. 494, 497, 499), there is no indication in the record that the plaintiff identified herself; nor may it reasonably be inferred from the tentative remarks of the plaintiff to that person that she was asserting a violation of her legal rights. See *Nugent* v. *Popular Markets, Inc., supra,* at 49. The telephone call cannot be said to have alerted the seller to a claim of breach and thus have opened the way for normal settlement through negotiation. The notice given by the plaintiff's attorney on March 18, 1969, adds no strength to her contention. There was no evidence of how it was given or of its content.

*Exceptions sustained.*
*Judgment for the defendant.*